(865 P.2d 222)

No. 69,313

CITY OF HALSTEAD, *Appellee*, v. WILLIAM K. MAYFIELD, *Appellant*.

Opinion filed December 30, 1993.

*Audie L. Strotkamp*, of Strotkamp and Schorn, of Newton, for appellant.

*David E. Yoder*, of Ice, Turner & Baer, of Newton, for appellee.

Before BRAZIL, P.J., ELLIOTT, J., and R. DAVID LAMAR, District Judge, assigned.

ELLIOTT, J.: William K. Mayfield appeals four convictions of violations of Halstead city ordinances. Prior to sentencing by the municipal court, Mayfield appealed to the district court which, after a trial de novo, found Mayfield guilty and sentenced him.

Defendant argues the district court lacked jurisdiction to hear his appeal because it was filed prematurely.

We agree and reverse and remand.

K.S.A. 1992 Supp. 22-3609(1) provides that a defendant may appeal from municipal court to district court any judgment finding defendant guilty of a violation of a city ordinance.

As a general proposition, an order finding a defendant guilty is not appealable until sentence is imposed or suspended pursuant to K.S.A. 22-3608. *City of Topeka v. Martin*, 3 Kan. App. 2d 105, 590 P.2d 106 (1979).

K.S.A. 22-3609a, which governs appeals from district magistrate courts, contains language essentially identical to 22-3609(1). In *State v. Wilson*, 15 Kan. App. 2d 308, 309-11, 808 P.2d 434 (1991), we noted the judgment in the case was rendered when the defendant was sentenced by the magistrate.

Simply put, in appeals from district courts or magistrate courts, we have uniformly interpreted an appealable judgment to require

both conviction and sentence. See *City of Kansas City v. Sherman*, 9 Kan. App. 2d 757, 759, 687 P.2d 1383 (1984). We apply the same rationale to appeals from municipal courts.

Accordingly, the district court lacked jurisdiction to hear defendant's appeal. We emphasize, however, that defendant chose to appeal his conviction before the municipal court had an opportunity to pronounce sentence. Simply put, defendant will not be allowed to profit from his own actions by appealing prior to sentencing.

The municipal court retains jurisdiction to sentence defendant. Any problems caused by the delay are deemed waived due to defendant's own actions. See, *e.g.*, 21 Am. Jur. 2d, Criminal Law § 561.

The judgment is reversed and remanded with directions to remand the case to municipal court for sentencing.