No. 71,923

STATE OF KANSAS, *Appellant*, v. ARTHUR WENDELL KLEEN,
*Appellee.*

(896 P.2d 376)

Opinion filed
June 2, 1995.

*Judith A. Jones*, of Kansas Legal Services, Inc., of Topeka, argued the cause and was on the brief for appellee.

*William C. O'Keefe*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellant.

The opinion of the court was delivered by

DAVIS, J.: The question raised by this appeal is whether the State is entitled to a de novo preliminary hearing before a district judge upon appeal from a dismissal of charges by a district magistrate judge at the conclusion of a preliminary hearing. The State appeals from a district judge's order dismissing the State's appeal from the district magistrate judge's finding of no probable cause and dis-

missal of charges against the defendant. The State contends that it was entitled to a de novo hearing on appeal to the district judge. We disagree and affirm.

The facts are not in dispute. The defendant, Arthur Wendell Kleen, was charged with felony theft by deception in violation of K.S.A. 21-3701(b). Upon preliminary hearing, the district magistrate judge suppressed some of the evidence offered by the State and also denied the admission of several of the State's exhibits. At the close of the evidence, the district magistrate judge found that the evidence was insufficient to establish probable cause to believe that a crime had been committed and that the defendant committed the crime. The charge of theft by deception was therefore dismissed.

The State filed the following notice of appeal to the district judge pursuant to K.S.A. 1994 Supp. 22-3602(c):

"COMES NOW William C. O'Keefe, Nemaha County Attorney and appeals the decision of the Court suppressing the evidence of Exhibits 20A, 21, 21A, 22, and 22A, which the State intended to have admitted to show a previous theft of property and to show a pattern of actions, all of which would be a motive for the crime. This appeal is from the decision rendered by the Court on the above-entitled matter dismissing the case on the 24th day of September, 1993, and this is an appeal from the Magistrate to the District Judge pursuant to that statute."

On appeal, the district judge required the parties to file briefs on the following questions: (1) Whether the State's notice of appeal was sufficient and (2) whether the district magistrate judge erred in failing to admit evidence. After consideration of the briefs, the district judge concluded that the State had improperly docketed its appeal because it did not provide a full transcript of the preliminary hearing. The district judge further concluded that even if the appeal were properly docketed, the district magistrate judge's refusal to admit evidence was proper. Accordingly, the district judge dismissed the appeal.

The State contends that the district judge erred in finding that its appeal was not properly docketed because it failed to file a transcript. The State argues that any appeal taken from a district magistrate judge's dismissal of a case results in a trial de novo at

the district judge level and thus no transcript is necessary to docket the appeal.

The State's right to appeal in a criminal case is strictly statutory. *State v. Freeman*, 234 Kan. 278, 279, 670 P.2d 1365 (1983). Appellate courts have jurisdiction to entertain an appeal only if it is taken within time limitations and in the manner prescribed by the applicable statutes. *State v. Neer*, 247 Kan. 137, Syl. ¶ 1, 795 P.2d 362 (1990). In this case, the State filed its appeal under K.S.A. 1994 Supp. 22-3602(c), which provides:

"Appeals to a district judge may be taken by the prosecution from cases before a district magistrate judge as a matter of right in the cases enumerated in subsection (b) and from orders enumerated in K.S.A. 22-3603 and amendments thereto."

K.S.A. 1994 Supp. 22-3602 (b) states:

"Appeals to the supreme court may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:
   "(1)  From an order dismissing a complaint, information or indictment;
   (2)  from an order arresting judgment;
   (3)  upon a question reserved by the prosecution; or
   (4)  upon an order granting a new trial in any case involving a class A or B felony. . . ."

The State appealed to the district judge pursuant to K.S.A 1994 Supp. 22-3602(c). Its appeal fits within the provisions of K.S.A. 1994 Supp. 22-3603(b)(1) because the district magistrate judge dismissed the complaint against the defendant. The State's appeal to the district judge is provided for under the same section as the State would appeal to this court from an order of a district judge at preliminary hearing dismissing a complaint. Had this case been a direct appeal from an order of the district judge dismissing a complaint after preliminary hearing, the review would not be de novo. Instead, this court on appeal would examine any legal issues raised and determine whether there was sufficient evidence to support a probable cause determination. See *State v. Hunter*, 232 Kan. 853, 658 P.2d 1050 (1983). This same procedure is applicable to an appeal to the district judge from a decision of a district magistrate judge dismissing a complaint or indictment after preliminary hearing.

The State argues that K.S.A. 1994 Supp. 20-302b(c) and K.S.A. 1994 Supp. 22-3610 give it the right to a de novo hearing before the district judge by providing that any appeal permitted to be taken from an order or final decision of a district magistrate judge shall be tried and determined de novo by a district judge. While K.S.A. 1994 Supp. 22-3610 does provide for a de novo hearing before the district court, this statute applies only to traffic, misdemeanor, and other convictions, not to a decision of a district magistrate judge's order binding or failing to bind a defendant over for trial. *State v. Lashley*, 233 Kan. 620, 624, 664 P.2d 1358 (1983). The State argues that K.S.A. 1994 Supp. 20-302b(c) provides for a trial de novo of any decision of a district magistrate judge, including a determination that there is not probable cause to bind a defendant over for trial. We do not agree. K.S.A. 1994 Supp. 20-302b(c) provides for a de novo appeal before a district judge *"in accordance with the limitations and procedures prescribed by* law." (Emphasis added.) The limitations and procedures prescribed by K.S.A. 1994 Supp. 22-3602(b) and (c) provide that the State has the right to appeal from a district magistrate judge's order dismissing a criminal complaint to a district judge on the record in the same manner as the State may appeal as a matter of right to this court from a dismissal of a criminal complaint by a district judge.

We hold that when a district magistrate judge dismisses a criminal complaint or indictment for lack of probable cause after a preliminary hearing, the State is not entitled to a de novo preliminary hearing before the district judge but is entitled to appeal as a matter of right on the record under the provisions of K.S.A. 1994 Supp. 22-3602(c).

Affirmed.