(919 P.2d 1047)

No. 74,025

CITY OF WICHITA, *Appellee*, v. WADE L. PATTERSON, JR., *Appellant*.

Opinion filed June 21, 1996.

*Ernest L. Tousley*, of O'Hara, O'Hara & Tousley, of Wichita, for the appellant.

*Sharon L. Dickgrafe*, assistant city attorney, and *Gary E. Rebenstorf*, city attorney, for the appellee.

Before LEWIS, P.J., GERNON and MARQUARDT, JJ.

LEWIS, J.: From 1991 through 1994, defendant pled guilty to six various offenses in municipal court. On each occasion, the municipal court imposed a fine and a sentence but placed defendant on probation contingent on certain terms and conditions. In 1994, the municipal court revoked defendant's probation. Defendant attempted to appeal this probation revocation to the district court, which dismissed the appeal, holding he had no right to appeal the revocation of his probation to the district court. Defendant appeals the order dismissing his appeal to the district court.

We affirm.

The right to appeal is purely statutory. No appellate review is required by the federal constitution or the Kansas constitution. Indeed, an appellate court has no jurisdiction to entertain an appeal by a defendant in a criminal case unless the appeal is provided for by statute. *State v. Grant*, 19 Kan. App. 2d 686, 689, 875 P.2d 986,

*rev. denied* 255 Kan. 1005 (1994). K.S.A. 22-3609 authorizes appeals from municipal court to district court, K.S.A. 22-3609(2) specifies the time for appeal, and K.S.A. 22-3609(1) defines judgments which may be appealed.

We hold this case is controlled by the express provisions of K.S.A. 22-3609(1), which states in part: "The defendant shall have the right to appeal to the district court of the county *from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas.*" (Emphasis added.)

"Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). When determining a question of law, an appellate court is not bound by the decision of the district court. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

K.S.A. 22-3609(1) is clear and unambiguous. It provides that one may only appeal from "any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas." This is the only right of appeal from the judgment of a municipal court provided by the legislature. Defendant seeks to appeal from an order revoking his probation. He is not appealing from an order adjudging him guilty of violating an ordinance, and under the clear and unambiguous language of the statute, his appeal is not permitted.

Defendant's arguments all seek to ignore the simple and plain language of the statute. The statute plainly states that an appeal from a municipal court to the district court is limited to a judgment which adjudicates the defendant guilty of a violation of a city ordinance. It is a long-established rule that the plain meaning of a statute controls unless a contrary legislative intent can be shown. *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992); *Jackson v. City of Kansas City*, 235 Kan. 278, 318-19, 680 P.2d 877 (1984).

It is also well established that several provisions of an act must be considered *in pari materia. State v. Gonzales*, 255 Kan. 243,

249, 874 P.2d 612 (1994). K.S.A. 22-3610(a) states in part: "When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint." Interpreting this statute together with 22-3609 clearly indicates a legislative intent that appeals from municipal court will be limited to original adjudications of guilt and that post-trial decisions will not be appealable.

We hold that defendant had no right to appeal the decision of the municipal court revoking his probation.

Affirmed.