No. 80,132

STATE OF KANSAS, *Appellant,* v. RONALD A. REMLINGER, *Appellee.*

(968 P.2d 671)

Opinion filed October 30, 1998.

*John L. Swarts III,* county attorney, and *Carla J. Stovall,* attorney general, were on the brief for appellant.

*Mark A. Ward,* of Fort Scott, was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant was tried before a district magistrate judge and convicted of two misdemeanor charges. Prior to sentencing, defendant appealed pursuant to K.S.A. 1997 Supp. 22-3609a, requesting a trial de novo by a district judge. Prior to the second trial, defendant sought a dismissal of the charges, claiming he was not brought to trial by the State within 180 days of filing his notice of appeal as required by K.S.A. 22-3402. The district judge granted defendant's motion to dismiss. The State appeals.

Remlinger was charged with misdemeanor battery (K.S.A. 21-3412) and criminal restraint (K.S.A. 21-3424). The matter was tried by a district magistrate judge on February 14, 1997. The magistrate judge found Remlinger guilty of both charges. The magistrate

judge ordered a presentence investigation (PSI) report and alcohol and anger control evaluations of the defendant. Remlinger's sentencing was delayed until after receipt of the reports. Prior to sentencing, Remlinger appealed the convictions, seeking a trial de novo by a district judge.

On August 15, 1997, Remlinger appeared before the magistrate judge for sentencing. Citing K.S.A. 1997 Supp. 22-3609a(1), Remlinger asserted that sentencing by the magistrate judge should be stayed because of his appeal to the district judge. The magistrate judge stayed the sentencing pending the outcome of the trial by a district judge. The case was transferred to a district judge and set for trial on October 15, 1997.

On October 6, 1997, Remlinger moved to dismiss the charges against him, claiming a violation of his statutory right to a speedy trial because he was not brought to trial within 180 days of the filing of the notice of appeal from the magistrate's decision. On October 14, 1997, following the rationale of *City of Elkhart v. Bollacker*, 243 Kan. 543, 757 P.2d 311 (1988), the district judge found that Remlinger's statutory right to speedy trial had been violated and dismissed the charges. The State appealed, claiming that because Remlinger had appealed prior to sentencing by the magistrate judge, the district judge did not have jurisdiction to dismiss the case.

K.S.A. 1997 Supp. 22-3609a provides the right to appeal from a judgment of the district magistrate. It provides, in part:

"(1) A defendant shall have the right to appeal from any judgment of a district magistrate judge. The administrative judge shall be responsible for assigning a district judge for any such appeal. The appeal shall stay all further proceedings upon the judgment appealed from."

The statutory right to a speedy trial is provided in K.S.A. 22-3402. Subsection (2) applies to appeals from a judgment of a magistrate judge where the defendant is not in custody awaiting trial:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result

of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

The State agrees a defendant has the right to appeal a judgment of guilt by a magistrate judge. The State also admits that a defendant not in custody and not brought to trial within 180 days is entitled to be discharged from further liability of the crimes charged. The State then points out that the right to appeal is jurisdictional. The State asserts that 22-3609a requires a magistrate judge to sentence a convicted individual before a judgment exists from which an individual can appeal. The State argues that because Remlinger filed his notice of appeal prior to sentencing by the magistrate judge, the 180-day requirement for a speedy trial did not commence and the district judge did not have jurisdiction to dismiss the case.

Remlinger claims that a finding of guilt by the magistrate judge is a judgment. Under such circumstances, 22-3609a authorizes an appeal, and the appeal stays all further proceedings by the magistrate judge, including sentencing. To support his argument, Remlinger cites *City of Elkhart v. Bollacker*, 243 Kan. 543. In that case, the defendant was charged, convicted, and fined for violating a municipal ordinance. The defendant filed a notice of appeal and, pursuant to 22-3609(1), the case was assigned to a district judge. More than 180 days passed prior to the defendant's trial in the district court. The defendant moved to dismiss the case pursuant to K.S.A. 22-3402(2). The district judge agreed and dismissed the case. The City appealed.

The *Bollacker* court noted that K.S.A. 22-3402(2) is applicable to criminal cases appealed to the district court from municipal court. The court stated:

" 'We hold that in district court cases involving appeals from municipal courts, the time limitations provided in K.S.A. 1977 Supp. 22-3402 shall commence to run from the date the appeal is docketed in district court or at the expiration of the time the appeal should have been docketed under the time schedule set forth in K.S.A. 1977 Supp. 22-3609(3), whichever occurs first. This holding places a duty on the city to see that the appeal is docketed in a timely fashion. The time limitations for trial in district court should commence to run when there is, or should be, a complaint against the defendant pending in the district court.' [Citation omitted.]" 243 Kan. at 545.

We note that the defendant in *Bollacker* had been found guilty and fined prior to filing his notice of appeal. Remlinger contends that the lack of sentencing in his case does not preclude application of the *Bollacker* holding that the time limitations of K.S.A. 22-3402 commence from the date the appeal is docketed in district court. Furthermore, Remlinger argues that to require sentencing by the magistrate judge prior to a trial de novo by a district judge would be superfluous.

The necessity of a finding of guilt and the imposition of a sentence prior to an appeal was stated by the Kansas Court of Appeals in *City of Halstead v. Mayfield*, 19 Kan. App. 2d 186, 865 P.2d 222 (1993). In that case, before being sentenced, Mayfield appealed his municipal court convictions for violation of city ordinances to the district court as provided by K.S.A. 22-3609. The district judge found Mayfield guilty of violating the city ordinances and sentenced him. Mayfield then appealed the conviction to the Court of Appeals, asserting that the district judge lacked jurisdiction to hear his case because his appeal to the district court had been filed prior to his being sentenced by the municipal judge. The Court of Appeals agreed with Mayfield's argument and found the district court was without jurisdiction to try Mayfield because appeals of municipal court convictions to the district courts required both a finding of guilt and a sentence by the municipal judge. 19 Kan. App. 2d at 186-87.

Remlinger claims 22-3609, as interpreted by the Court of Appeals in *City of Halstead*, can be distinguished from 22-3609a because the latter statute states *any* judgment can be appealed, whereas the former statute stated any judgment of *guilt* can be appealed. We note that Kansas courts have repeatedly defined a criminal "judgment" as a pronouncement of guilt and the determination of the punishment. In *State v. Woodbury*, 133 Kan. 1, 2, 298 Pac. 794 (1931), the *Woodbury* court stated: "A sentence is the judgment of the court . . . formally declaring to [the] accused the legal consequences of the guilt which he has confessed or of which he has been convicted."

Similarly, in *Roberts v. State*, 197 Kan. 687, 689, 421 P.2d 48 (1966), this court stated: "Ordinarily, in a legal sense, 'sentence' is

synonymous with 'judgment' and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt which he has confessed or of which he has been convicted."

We find the different wording of the statutes to be a distinction without a difference. Before a defendant can appeal a criminal judgment of a magistrate judge to a district judge for a trial de novo pursuant to 22-3609a, there must be both a conviction of guilt and a sentence imposed by the magistrate judge. Because no judgment was entered by the magistrate judge, the appeal could not be perfected; therefore, the district judge was without jurisdiction to try the defendant.

The judgment of the district court is reversed, and the matter is remanded to the district magistrate judge for further proceedings.