No. 83,204

STATE OF KANSAS, *Appellee*, v. QUENTIN T. ENGLES, *Appellant*.

(17 P.3d 355)

Opinion filed January 26, 2001.

*Patrick H. Dunn*, assistant appellate defender, argued the cause, and *Niki Christopher*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were with him on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by Quentin T. Engles of his conviction and sentence for violating the Kansas Drug Tax Act (Act), K.S.A. 79-5201 *et seq*. Engles contends the statute is in violation of Article 11, § 1 of the Kansas Constitution. He also contends the drug tax is not applied uniformly across all classes of taxpayers and that the State failed to prove that he had the intent to sell marijuana that was found in his possession.

In February 1998, Engles was arrested and charged with one count of possession with intent to sell 134.2 grams of marijuana (five baggies) pursuant to K.S.A. 1999 Supp. 65-4163(a). Because the marijuana did not have tax stamps affixed, he was also charged with a second count pursuant to K.S.A. 79-5201 *et seq*. The State subsequently amended count 1 by dropping the "intent to sell" allegation and charged him with simple possession pursuant to K.S.A. 1999 Supp. 65-4105(d). Engles was found guilty of both counts 1 and 2 at a bench trial. The matter is before this court pursuant to K.S.A. 20-3018(c).

Engles argues that the drug tax found at K.S.A. 79-5201 *et seq*. is unconstitutional because marijuana is a household good or personal effect which is not used for the production of income and, therefore, should be exempt pursuant to Article 11, § 1 of the Kansas Constitution.

The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution. In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it, and if there is any reasonable way to construe the statute as constitutionally valid, that should be done. Statutes are not stricken down unless the infringement of the superior law is clear beyond a reasonable doubt. *State ex rel. Tomasic v. Unified Gov. of Wyandotte Co./ Kansas City*, 264 Kan. 293, 300, 955 P.2d 1136 (1998).

Article 11, § 1 provides that the legislature shall provide for a uniform and equal basis evaluation and rate of taxation of all properties subject to taxation. It further provides that all household

goods and personal effects not used for the production of income shall be exempt from property taxation.

The premise of the defense argument is incorrect. K.S.A. 1999 Supp. 79-201c exempts personal effects and household goods not used for the production of income from ad valorem taxation. The drug tax is not an ad valorem tax. An ad valorem tax is based on the value of the property being taxed. The drug tax on marijuana, K.S.A. 79-5202, is based on the weight of the drug, not on its value. K.S.A. 1999 Supp. 79-201c does not apply, nor does Article 11, § 1.

In *Von Ruden v. Miller*, 231 Kan. 1, 642 P.2d 91 (1982), the taxpayer challenged the levying of a tax on his intangible property arguing that Article 11, § 1 applied only to ad valorem property taxes and not to specific property taxes. Since the statute based the intangible tax on gross earnings, not value, it was not considered an ad valorem tax. 231 Kan. at 8. The *Von Ruden* court noted that the terms property tax and ad valorem tax were not synonymous:

"Although the intangible tax is a property tax, it is not, as discussed, an ad valorem tax. Property taxes may be either ad valorem or specific, although they are usually ad valorem. Specific taxes are of a fixed amount by the head or number, or by some standard of weight or measurement, and require no assessment other than the listing or classification of the subjects to be taxed." 231 Kan. at 9.

The drug tax in the present case is fixed by the weight or measurement and, therefore, is not an ad valorem tax.

In *State v. Matson*, 14 Kan. App. 2d 632, 640, 798 P.2d 488 (1990), *rev. denied* 249 Kan. 777 (1991), the Court of Appeals held the drug tax statute was constitutional because Article 11, § 5 of the Kansas Constitution applied only to property taxes and not to excise taxes or licenses. The drug tax found at K.S.A. 79-5201 *et seq.* is not a property tax as contemplated by Article 11.

Engles next argues that because the State did not prove that he had the intent to sell the marijuana, he cannot be a "dealer" as contemplated by K.S.A. 79-5201(c), and, therefore, he cannot be convicted of failure to attach drug tax stamps under the Act.

Interpretation of a statute is a question of law, therefore, this court's review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998); *State v. Lewis*, 263

Kan. 843, 847, 953 P.2d 1016 (1998). An appellate court is not bound by the district court's interpretation of a statute. *Smith v. Printup*, 262 Kan. 587, 604, 938 P.2d 1261 (1997).

In construing statutes, legislative intent is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. The court must give effect to the legislature's intent even though words, phrases, or clauses at some place in the statute must be omitted or inserted. *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997).

Engles argues that the State "never presented one iota of evidence that he used or intended to use the marijuana for production of income" and that the legislature labeled him a "dealer" despite the fact that he claims he had no intent to sell.

Although the question of whether Engles used the marijuana "for the production of income" may affect whether a type of property is subject to taxation, the question of whether Engles is a "dealer" or had "intent to sell" is not determinative of whether Engles is guilty of violating the drug tax law. The legislature obviously intended for K.S.A. 79-5201 *et seq.* to be violated by mere possession. The use of the word "dealer" is unfortunate as it implies that the person in possession of the contraband intends to sell the product. The choice of words, however, does not change the meaning of the statute. The legislature could very well have used any word instead of "dealer" and the meaning of the statute would not be changed. The statute focuses on the possession of a significant quantity. Anyone who is in possession of over 28 grams of marijuana is subject to K.S.A. 79-5201 *et seq.* A conviction under K.S.A. 79-5201 *et seq.* is not dependant on a conviction of any other crimes and does not depend on proving "intent to sell" or whether, in fact, a defendant is a "dealer" as that term is commonly understood.

Engles was properly convicted of violating K.S.A. 79-5201 *et seq.*, even though the State did not prove that he had any intent to sell.

Engles also argues that the drug tax is unconstitutional because it is not "uniformly assessed across all classes of taxpayers." His argument is premised on the fact that the tax is only imposed upon "dealers" and not uniformly imposed on all those found in possession of illegal contraband. By way of analogy, he references *Voran v. Wright*, 129 Kan. 601, 608-09, 284 Pac, 807 (1930), in which this court held that a law exempting taxation of stockholders in national banks from paying personal property tax on their stock was unconstitutional as it did not exempt the stock of stockholders from state banks. *Voran* was overturned in part in 1994 by *In re Tax Appeal of ANR Pipeline Co.*, 254 Kan. 534, 539-43, 866 P.2d 1060, *cert. denied* 513 U.S. 917 (1994). In *ANR Pipeline* this court held that it was constitutional to tax railroad property at a different rate than public utility property. 254 Kan. at 544.

Because the drug tax is not a personal property tax, the requirement that the tax be applied "uniformly across all classes of taxpayers" pursuant to Article 11, § 1 of the Kansas Constitution does not apply.

Affirmed.