(75 P.3d 273)

No. 89,485

STATE OF KANSAS, *Appellee*, v. ANTONIO L. LEGERO, *Appellant*.

Opinion filed August 29, 2003.

*W. Greg Wright* and *Lisa Maturo*, of Hill, Beam-Ward, Kruse & Wilson, LLC, of Overland Park, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before KNUDSON, P.J., BEIER and MALONE, JJ.

KNUDSON, J.: Antonio L. Legero appeals the district court's ruling that it lacked jurisdiction to hear Legero's appeal of a district magistrate judge's order revoking his probation. The issue is whether a magistrate's order revoking a defendant's misdemeanor probation is a judgment pursuant to K.S.A. 2002 Supp. 22-3609a, which can be appealed to the district court. This is an issue of first impression.

Legero pled guilty in separate cases to disorderly conduct and attempted criminal damage to property, both misdemeanors. On September 20, 2001, a district magistrate judge sentenced Legero to 30 days in jail for each count, to run concurrently. Legero was granted 12 months' probation.

On May 9, 2002, Legero was before the magistrate for a probation revocation hearing. Legero stipulated to the allegation that he had been arrested and charged with driving under the influence of alcohol. The magistrate revoked Legero's probation and ordered Legero to serve his jail sentence.

Legero filed a notice of appeal to the district court pursuant to K.S.A. 2002 Supp. 22-3609a. The notice appealed the magistrate's revocation of Legero's probation and imposition of sentence. The district court dismissed the appeal, finding that it lacked subject matter jurisdiction to review a magistrate's order revoking probation. Legero appeals from the order of the district court.

We must decide whether the district court has jurisdiction under 22-3609a to entertain an appeal from the magistrate's ruling revoking Legero's probation. "[W]hether jurisdiction exists is a question of law over which our court's scope of review is unlimited." *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000). Furthermore, interpretation of a statute is a question of law permitting unlimited review. *State v. Engles*, 270 Kan. 530, 532, 17 P.3d 355 (2001).

Initially, the State argues the issue is moot as Legero has already served his sentence. Appellate courts do not decide moot questions

or render advisory opinions. *In re T.D.*, 27 Kan. App. 2d 331, 333, 3 P.3d 590, *rev. denied* 269 Kan. 933 (2000). However, an exception exists if the issue raised is capable of repetition and is of public importance. 27 Kan. App. 2d at 333. The issue raised in this appeal meets this exception and, accordingly, we will address the merits of the case.

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Wasson v. United Dominion Industries*, 266 Kan. 1012, 1018-19, 974 P.2d 578 (1999).

Both parties agree that Legero's right of appeal is controlled by the provisions of K.S.A. 2002 Supp. 22-3609a, which states:

"(1) A defendant shall have the right to appeal from *any judgment* of a district magistrate judge. The chief judge shall be responsible for assigning a district judge for any such appeal. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to a district judge shall be taken by filing a notice of appeal with the clerk of the court. No appeal shall be taken more than 10 days after the date of the judgment appealed from.

"(3) The clerk of the district court shall deliver the complaint, warrant and any appearance bond to the district judge to whom such appeal is assigned. The case shall be tried *de novo* before the assigned district judge.

"(4) No advance payment of a docket fee shall be required when the appeal is taken.

"(5) All appeals taken by a defendant from a district magistrate judge in misdemeanor cases shall be tried by the court unless a jury trial is requested in writing by the defendant. All appeals taken by a defendant from a district magistrate judge in traffic infraction and cigarette or tobacco infraction cases shall be to the court.

"(6) Notwithstanding the other provisions of this section, appeal from a conviction rendered pursuant to subsection (c) of K.S.A. 22-2909 and amendments thereto shall be conducted only on the record of the stipulation of facts relating to the complaint." (Emphasis added.)

We are required to construe the meaning of the words "any judgment" as used in K.S.A. 2002 Supp. 22-3609a(1) to determine whether an appeal from an order revoking probation and imposition of sentence is permitted.

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in it." *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001).

Our Supreme Court has also held: "In construing statutes and determining legislative intent, several provisions of an act or acts, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony if possible. [Citation omitted.]" *Petty v. City of El Dorado*, 270 Kan. 847, 852, 19 P.3d 167 (2001).

From an appellate perspective, a judgment is usually considered to be the final act or determination by a lower court that disposes of the litigation. It is distinguishable from an intermediate or interlocutory ruling of a judge. In the case at bar, Legero's probation was revoked and he was required to serve the sentence that had been imposed. It would appear these judicial acts should be construed as a judgment affording Legero the right of appeal to the district court. Perhaps helpful to an understanding of legislative intent would be to next consider other statutes in the Code of Criminal Procedure conferring appellate jurisdiction.

K.S.A. 22-3601(a) states, in material part:

"Any appeal permitted to be taken from a *final judgment* of a district court in a criminal case shall be taken to the court of appeals, except in those cases reviewable by law in the district court and those cases where a direct appeal to the supreme court is required." (Emphasis added.)

K.S.A. 2002 Supp. 22-3602(a) states, in material part: "Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court . . . ."

Without expressly interpreting K.S.A. 22-3601(a), the Supreme Court of Kansas has nevertheless implicitly recognized that a rev-

ocation order is a "final judgment." See *State v. Graham*, 272 Kan. 2, 30 P.3d 310 (2001). Logically, it follows that the phase "any judgment" in K.S.A. 2002 Supp. 22-3609a(1) must include a "final judgment." Consequently, if a magistrate's order revoking probation is not appealable to the district court, we must conclude it is appealable to the Kansas Court of Appeals. That conclusion would be at odds with other legislative enactments that expressly provide for appellate review within the district court. See K.S.A. 2002 Supp. 22-3609a; K.S.A. 60-2103a.

K.S.A. 2002 Supp. 22-3609 provides for appeals from municipal courts to the district courts. Significantly, this statute, unlike K.S.A. 2002 Supp. 22-3609(a), specifically limits appellate jurisdiction to "[a judgment] of a municipal court which *adjudges the defendant guilty of a violation of the ordinances of any municipality*." (Emphasis added.) K.S.A. 2002 Supp. 22-3609(1). In *City of Wichita v. Patterson*, 22 Kan. App. 2d 557, 559, 919 P.2d 1047, *rev. denied* 260 Kan. 992 (1996), the court held that the legislature's intent is that appeals from municipal court be limited to original adjudications of guilt and that posttrial decisions not be appealable.

We turn next to appellate decisions specifically construing K.S.A. 2002 Supp. 22-3609a.

In *State v. Remlinger*, 266 Kan. 103, 968 P.2d 671 (1998), the defendant filed a notice of appeal with the district court after he had been convicted by a magistrate but before sentencing. On appeal, the defendant argued 22-3609a authorized his appeal, claiming a finding of guilty was "any judgment" under the statute. The *Remlinger* court observed that a criminal judgment requires a pronouncement of guilt and the determination of punishment. Thus, *Remlinger* required finality of proceedings in the district court as a legal predicate to appellate review. 266 Kan. at 106-07. Here, Legero's probation was revoked, and his sentence imposed. There was a finality in the proceedings before the district court. We conclude *Remlinger* speaks only to presentencing orders and judgments, not to probation revocation proceedings that result in the incarceration of a defendant.

In *State v. Lashley*, 233 Kan. 620, 664 P.2d 1358 (1983), the defendant attempted to appeal a magistrate's order binding the

defendant over for arraignment. The district court ruled that the order was not appealable, and its decision was affirmed on appeal. 233 Kan. at 624. *Lashley* is distinguishable from the present case since it does not involve a final judgment in the district court. However, we must acknowledge that in construing 22-3609a, the court specifically stated:

"The order binding the defendant over for arraignment was not a 'judgment' from which a defendant has a right to an appeal. Judgments that can be appealed under K.S.A. 1982 Supp. 22-3609a are *convictions* in traffic or misdemeanor cases and those *convictions* rendered pursuant to K.S.A. 1982 Supp. 22-2909(c)." (Emphasis added.) 233 Kan. at 624.

We believe *Lashley* must be considered within the facts presented. We do not understand *Lashley* to imply that the term "any judgment" pursuant to 22-3609a includes only convictions. An order binding a defendant over for arraignment does not connote finality of judgment in the district court; there is still an ongoing legal process in the district court before disposition of the case in its entirety and the entry of judgment.

Based upon the above citations and authorities, we conclude K.S.A. 2002 Supp. 22-3609a confers appellate jurisdiction in the district court.

Reversed.

MALONE, J., dissenting: I respectfully dissent from the majority's conclusion that K.S.A. 2002 Supp. 22-3609a authorizes an appeal to a district judge of a magistrate's order revoking a defendant's probation. I find the statute only authorizes a defendant to appeal a magistrate's judgment of guilt for a trial de novo in district court.

Much of the majority's analysis is correct. The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. *Wasson v. United Dominion Industries*, 266 Kan. 1012, 1018-19, 974 P.2d 578 (1999). K.S.A. 2002 Supp. 22-3609a provides the only authority for Legero to attempt to appeal his probation revocation to a district judge.

I agree that when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. See

*State ex rel. Stovall v. Meneley,* 271 Kan. 355, 378, 22 P.3d 124 (2001). Further, in construing statutes and determining legislative intent, several provisions of an act or acts, *in pari materia,* must be construed together with a view toward reconciling and bringing them into workable harmony if possible. *Petty v. City of El Dorado,* 270 Kan. 847, 852, 19 P.3d 167 (2001).

The majority focuses on the first subsection of 22-3609a and concludes that a probation revocation is "any judgment" of a magistrate judge which can be appealed to a district judge. The majority states, without citing any specific legal authority, that "[f]rom an appellate perspective, a judgment is usually considered to be the final act or determination by a lower court that disposes of the litigation." Actually, the term "judgment" has been defined more narrowly. Kansas courts have repeatedly defined a criminal "judgment" as a pronouncement of guilt and the determination of the punishment. *State v. Remlinger,* 266 Kan. 103, 106, 968 P.2d 671 (1998). This is what separates the term "judgment" from other orders of the court.

The majority correctly notes that *Remlinger* and *State v. Lashley,* 233 Kan. 620, 664 P.2d 1358 (1983), are factually distinguishable from the present case. However, both decisions contain language which is noteworthy to the issue before the court.

In *Remlinger,* the court observed that 22-3609a permits an appeal from *any judgment* of a magistrate, whereas 22-3609, which applies to municipal courts, permits an appeal from *any judgment of guilt.* Legero relies on this distinction to support his argument that the legislature did not intend to limit appeals from magistrates to judgments of guilt as it clearly limited appeals from municipal courts. However, the Supreme Court addressed this argument in *Remlinger* and stated: "We find the different wording of the statutes to be a distinction without a difference." 266 Kan. at 107. Thus, although factually distinguishable from the present case, *Remlinger* rejected the argument Legero is now making about comparing the language of 22-3609 and 22-3609a. The *Remlinger* court attached little importance to the differing language in construing 22-3609a.

The *Lashley* decision contains dicta that is particularly noteworthy. In construing K.S.A. 1982 Supp. 22-3609a, which is substantially similar to the present statutory language, the court stated: "Judgments that can be appealed under K.S.A. 1982 Supp. 22-3609a are *convictions* in traffic or misdemeanor cases and those *convictions* rendered pursuant to K.S.A. 1982 Supp. 22-2909(c)." (Emphasis added.) 233 Kan. at 624. Thus, *Lashley* implied that the term "any judgment" pursuant to 22-3609a includes only convictions. Under this interpretation, "any judgment" would not include an order revoking a defendant's probation. See *State v. Kleen*, 257 Kan. 911, 914, 896 P.2d 376 (1995).

This dissent, however, is not based upon the language of *Remlinger* or *Lashley*. I simply believe the majority's construction of 22-3609a focuses only on the first sentence of the statute and ignores its remaining provisions. The first sentence of 22-3609a allows a defendant to appeal from "any judgment" of a district magistrate judge. Considered in isolation from the remainder of the statute, this language may seem to encompass a probation revocation order. However, construing 22-3609a in its entirety reveals a legislative intent that only convictions or judgments of guilt can be appealed from a magistrate to a district judge. Although 22-3609a(1) refers to "any judgment," 22-3609a(3) directs the clerk of the district court to "deliver the complaint, warrant and any appearance bond to the district judge" and that the "case shall be tried *de novo* before the assigned district judge." K.S.A. 22-3609a(5) directs that "*All appeals* . . . from a district magistrate judge in misdemeanor cases shall be *tried* by the court unless a jury trial is requested. . . ." (Emphasis added.) This language supports an interpretation that the only type of "judgment" the legislature intended to be appealed from a magistrate is a conviction resulting in a trial de novo in district court. Had the legislature intended a broader interpretation of 22-3609a, it could have allowed for an appeal from "any final order" of a magistrate instead of from "any judgment" as the statute provides.

This interpretation of K.S.A. 2002 Supp. 22-3609a also makes that statute harmonious with the language of K.S.A. 22-3610.

K.S.A. 22-3610, which applies to appeals to district court from both municipal courts and magistrates, provides in part:

"(a) When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint . . . . The case shall be tried *de novo* in the district court."

Again, the statutory language only seems to encompass the appeal of a conviction resulting in a trial de novo in district court.

Construing 22-3609a in its entirety together with 22-3610, and also considering the Supreme Court's rulings in *Lashley* and *Remlinger*, I agree with the district court's ruling that it lacked subject matter jurisdiction to hear an appeal from the magistrate's order revoking Legero's probation. A determination that Legero has no right to appeal a probation revocation to a district judge may seem unfair, especially since a probation revocation by a district judge can be appealed to the Court of Appeals. However, the right to appeal is entirely statutory. I also find it unfair that a defendant cannot appeal a probation revocation from municipal court, but no such right is provided by statute.