No. 89,485

STATE OF KANSAS, *Appellee*, v. ANTONIO L. LEGERO, *Appellant*.

(91 P.3d 1216)

Opinion filed June 25, 2004.

*W. Greg Wright*, of Hill, Beam-Ward & Kruse, LLC, of Overland Park, argued the cause and was on the briefs for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: The narrow single issue in this case is whether a defendant in a criminal case whose probation has been revoked by a district magistrate judge may appeal the revocation to the district court under authority of K.S.A. 2003 Supp. 22-3609a.

## FACTS

The relevant facts and procedural history are not in dispute and may be summarized as follows. Legero pled guilty in separate cases to disorderly conduct and attempted criminal damage to property, both misdemeanors. On September 20, 2001, a district magistrate judge sentenced Legero to 30 days in jail for each count, to run concurrently. Legero was granted 12 months' probation.

On May 9, 2002, Legero was before the magistrate for a probation revocation hearing. Legero stipulated to the allegation that he had been arrested and charged with driving under the influence of alcohol. The magistrate revoked Legero's probation and ordered Legero to serve his jail sentence.

Legero filed a notice of appeal to the district court pursuant to K.S.A. 2003 Supp. 22-3609a. The notice appealed the magistrate's revocation of Legero's probation and imposition of sentence. The district court dismissed the appeal, finding that it lacked subject matter jurisdiction to review a magistrate's order revoking probation.

Legero appealed the district court's dismissal to the Court of Appeals. In a two to one decision, the Court of Appeals reversed the district court, concluding K.S.A. 2003 Supp. 22-3609a confers appellate jurisdiction in the district court. *State v. Legero*, 31 Kan. App. 2d 897, 75 P.3d 273 (2003). We granted the State's petition for review.

## ISSUE PRESENTED

K.S.A. 2003 Supp. 22-3609a(1) provides in part: "A defendant shall have the right to appeal from *any judgment* of a district magistrate judge." (Emphasis added.)

Legero contends that a revocation of probation order issued by a district magistrate is included in the term "any judgment." The State contends the term "any judgment" as used in the statute is defined as a pronouncement of guilt and the determination of punishment. The parties agree that the resolution of this appeal depends upon the construction of the term "any judgment" as used in K.S.A. 2003 Supp. 22-3609a(1).

## SCOPE OF REVIEW

Interpretation of a statute is a question of law permitting unlimited review. *State v. Engles*, 270 Kan. 530, 532, 17 P.3d 355 (2001).

## ANALYSIS

The right to appeal is entirely statutory and is not contained in either the United States or Kansas Constitutions. Subject to certain exceptions, Kansas courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by *Wasson v. United Dominion Industries*, 266 Kan. 1012, 1018-19, 974 P.2d 578 (1999). No exception to the rule is claimed herein.

The precise question of whether K.S.A. 2003 Supp. 22-3609a affords a defendant an appeal from a district magistrate's revocation of his or her probation is a question of first impression. However, there are three cases involving somewhat different factual situations which warrant discussion herein.

In *State v. Lashley*, 233 Kan. 620, 664 P.2d 1358 (1983), the defendant sought to appeal from a magistrate's order binding him over for arraignment. The district court ruled that the order was not appealable under 22-3609a. We affirmed the district court, stating:

"The order binding the defendant over for arraignment was not a 'judgment' from which a defendant has a right to an appeal. Judgments that can be appealed under K.S.A. 1982 Supp. 22-3609a are *convictions* in traffic or misdemeanor cases and those *convictions* rendered pursuant to K.S.A. 1982 Supp. 22-2909(c)." (Emphasis added.) 233 Kan. at 624.

In *City of Wichita v. Patterson*, 22 Kan. App. 2d 557, 919 P.2d 1047, *rev. denied* 260 Kan. 992 (1996), the defendant, over a 3-year period, pled guilty to several offenses in municipal court. On each occasion, the Wichita municipal court imposed a fine and a sentence, but placed the defendant on probation. In 1994, the municipal court revoked defendant's probation. Under K.S.A. 22-3609, defendant tried to appeal the probation revocation to the district court, which then dismissed the appeal for lack of jurisdiction. Defendant then appealed the district court's order dismissing his appeal to the Court of Appeals.

The precise issue in *Patterson* was whether 22-3609(1) authorized an appeal to the district court of an order entered in municipal court revoking defendant's probation. The *Patterson* court held:

"K.S.A. 22-3609(1) is clear and unambiguous. It provides that one may only appeal from 'any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas.' This is the only right of appeal from the judgment of a municipal court provided by the legislature. Defendant seeks to appeal from an order revoking his probation. He is not appealing from an order adjudging him guilty of violating an ordinance, and under the clear and unambiguous language of the statute, his appeal is not permitted.

. . . .

". . . K.S.A. 22-3610(a) states in part: 'When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint.' Interpreting this statute together with 22-3609 clearly indicates a legislative intent that appeals from municipal court will be limited to original adjudications of guilt and that post-trial decisions will not be appealable." 22 Kan. App. 2d at 558-59.

In *State v. Remlinger*, 266 Kan. 103, 968 P.2d 671 (1998), the defendant filed a notice of appeal under 22-3609a after he had been convicted of two misdemeanors but prior to sentencing. In district court, Remlinger claimed a violation of his speedy trial right when the de novo trial in district court was not commenced in a timely manner. The district court agreed and then dismissed his case. The State appealed therefrom, arguing that because Remlinger had appealed prior to sentencing by the magistrate judge, the district court never acquired jurisdiction in the case and so could not dismiss it on grounds of speedy trial violation. Remlinger countered that the district court had jurisdiction to dismiss because 22-3609a permitted an appeal of "any judgment," and a finding of guilt by a magistrate judge is a judgment. 266 Kan. at 105.

We rejected Remlinger's argument by noting that "Kansas courts have repeatedly defined a criminal 'judgment' as a pronouncement of guilt *and* the determination of the punishment." (Emphasis added.) 266 Kan. at 106. We also expressly held that the difference in the wording relative to appealable judgments contained in 22-3609 (applicable to municipal court appeals) and 22-3609a amounted to "a distinction without a difference," as far as what judgments are appealable. 266 Kan. at 107.

*Lashley, Remlinger,* and *Patterson* support the conclusion that K.S.A. 2003 Supp. 22-3609a does not authorize an appeal to the district court of a magistrate judge's order revoking a defendant's probation.

However, the most compelling reason for concluding that a district magistrate's order of probation revocation is not appealable is the language of K.S.A. 2003 Supp. 22-3609a, itself, read in its entirety. An appellate court must consider all of the provisions of a statute *in pari materia* rather than in isolation, and these provisions must be reconciled, if possible, to make them consistent and harmonious. As a general rule, statutes should be interpreted to avoid unreasonable results. The fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the legislature governs. *State v. Manbeck,* 277 Kan. 224, 227, 83 P.3d 190 (2004). In its totality, K.S.A. 2003 Supp. 22-3609a provides:

"(1) A defendant shall have the right to appeal from any judgment of a district magistrate judge. The chief judge shall be responsible for assigning a district judge for any such appeal. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to a district judge shall be taken by filing a notice of appeal with the clerk of the court. No appeal shall be taken more than 10 days after the date of the judgment appealed from.

"(3) The clerk of the district court shall deliver the complaint, warrant and any appearance bond to the district judge to whom such appeal is assigned. The case shall be tried *de novo* before the assigned district judge.

"(4) No advance payment of a docket fee shall be required when the appeal is taken.

"(5) All appeals taken by a defendant from a district magistrate judge in misdemeanor cases shall be tried by the court unless a jury trial is requested in writing by the defendant. All appeals taken by a defendant from a district magistrate judge in traffic infraction and cigarette or tobacco infraction cases shall be to the court.

"(6) Notwithstanding the other provisions of this section, appeal from a conviction rendered pursuant to subsection (c) of K.S.A. 22-2909 and amendments thereto shall be conducted only on the record of the stipulation of facts relating to the complaint."

We note that the reference to subsection (c) of K.S.A. 22-2909 pertains to criminal proceedings following a failed diversion agreement.

The appeal 22-3609a affords a defendant from a judgment does not operate as a review of the propriety of any judicial determination. Rather, the case is transferred to the district court where it will be tried de novo and guilt or innocence determined anew in the district court. On appeal, the case becomes a district court case as if filed there originally. The proceedings in the magistrate court have no bearing on the case as it comes before the district court. Unless the appeal is dismissed, the proceedings held in the magistrate court leave no footprint.

This procedure set forth in K.S.A. 2003 Supp. 22-3609a is virtually identical to the appeal afforded to a defendant who has been convicted in municipal court. The applicable statute is K.S.A. 2003 Supp. 22-3609, which provides in part:

"(1)  The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas."

The difference in the wording of K.S.A. 2003 Supp. 22-3609, "from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas," and the "any judgment" language of 22-3609a applicable herein was held to be a distinction without a difference in *State v. Remlinger*, 266 Kan. at 107. The procedures set forth in both statutes are virtual mirror images of each other. There is no appellate review of any prior order or judgment. For all practical purposes, the prosecution starts over. Also significant is K.S.A. 22-3610(a), which is applicable to appeals by a defendant from magistrate or municipal court conviction and provides:

"When a case is appealed to the district court, such court shall hear and determine the cause on the *original complaint*, unless the complaint shall be found defective, in which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside. The case shall be tried de novo in the district court." (Emphasis added.)

These procedures are in sharp contrast to appeals by the State from district magistrate actions. K.S.A. 2003 Supp. 22-3602(b) and (d) provide:

"(b) Appeals to the court of appeals may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:

(1) From an order dismissing a complaint, information or indictment;

(2) from an order arresting judgment;

(3) upon a question reserved by the prosecution; or

(4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid crime.

. . . .

"(d) Appeals to a district judge may be taken by the prosecution from cases before a district magistrate judge as a matter of right in the cases enumerated in subsection (b) and from orders enumerated in K.S.A. 22-3603 and amendments thereto."

K.S.A. 22-3603 affords the State an interlocutory appeal from an order quashing a warrant, suppressing evidence, or suppressing a confession or admission. Thus, a State appeal does not result in the case being transferred to the district court for trial de novo. Rather, the appeal results in judicial review of the propriety of a particular action or actions of the magistrate judges and is concluded by affirmance or reversal of the magistrate judge.

To construe the term "any judgment" in K.S.A. 2003 Supp. 22-3609a to include a revocation of probation order would have unreasonable and unintended results. Consider the following:

(1) A defendant has 10 days to appeal from his or her conviction and sentence in the magistrate court;

(2) if so appealed, the case would be tried de novo on the original complaint where guilt or innocence of the original charge will be determined;

(3) if defendant does not appeal his or her conviction and is placed on probation which he or she successfully completes, then the conviction is final;

(4) if, however, defendant is placed on probation in the magistrate court and fails to satisfy the terms thereof, resulting in the probation being revoked, then defendant has 10 days to appeal from the revocation;

(5) upon such appeal, however, the propriety of the revocation order is not on judicial review. Rather, the earlier conviction,

sentence, and revocation are swept away and guilt or innocence on the original complaint is retried de novo.

This cannot be the legislative intent.

We hold that K.S.A. 2003 Supp. 22-3609a does not authorize an appeal to the district court by a defendant from an order of a district magistrate judge revoking the defendant's probation. To hold otherwise would be wholly inconsistent with the mandatory trial de novo procedure on the original complaint.

The judgment of the Court of Appeals is reversed. The judgment of the district court is affirmed.

BEIER, J., not participating.

BRAZIL, S.J., assigned.

LUCKERT, J., dissenting: I respectfully dissent from the majority's interpretation of K.S.A. 2003 Supp. 22-3609a and related statutes. It is evident that the statute is ambiguous and that there is authority which can be cited to support both the analysis of the Court of Appeals' majority and the majority of this court. In such a circumstance, we are called upon to determine the legislative intent and to reconcile different provisions in a consistent, harmonious, and sensible manner. See *State v. Van Hoet*, 277 Kan. 815, Syl. ¶ 2, 89 P.3d 606 (2004). The most consistent, harmonious, and sensible construction, in my view, is to construe the provision in a manner which would allow an appeal of a magistrate's probation revocation order to a district court judge.

Although the majority does not specifically discuss the practical effect of its ruling, it would seem there are two potential outcomes: (1) A defendant would have no right to appeal or (2) the appeal would be to the Court of Appeals. Neither result is consistent with legislative intent.

The most likely outcome of today's decision would be that a magistrate's probation revocation order would be appealed to the

Court of Appeals under K.S.A. 22-3601(a), which states in material part:

"Any appeal permitted to be taken from a final judgment of a district court in a criminal case shall be taken to the court of appeals, except in those cases reviewable by law in the district court and those cases where a direct appeal to the supreme court is required."

Since this provision refers to "district court," rather than "district judge," it would include final orders of a district magistrate judge, "except in these cases reviewable by law in district court." In prior cases, this court has accepted jurisdiction pursuant to K.S.A. 22-3601 when the defendant has appealed from a revocation of probation and, thus, implicitly recognized that a probation revocation order is a "final judgment." See, *e.g.*, *State v. Graham*, 272 Kan. 2, 3, 30 P.3d 310 (2001).

Under this interpretation of K.S.A. 22-3601, Legero's appeal should have been docketed with the Court of Appeals. However, because all other judgments of a magistrate judge would be appealed to a district judge, this would mean that probation revocation decisions made by a magistrate would be treated differently than any other of the judge's final judgments. See K.S.A. 2003 Supp. 22-3609a; K.S.A. 60-2103a. Nothing about the nature of the probation revocation process would suggest a reason why the legislature would intend to have such a decision be the one exception where a matter would go directly to the Court of Appeals rather than be heard by a district court judge.

The other possible result of the majority opinion would be that there is no right to appeal a magistrate's decision to revoke probation. This consequence creates an unreasonable dichotomy: a defendant who has his or her probation revoked by a district magistrate has no right of appeal, but a defendant whose probation is revoked by a district judge has a right to appeal the decision to the Court of Appeals. There may be no difference in the crime committed, the probation violation, or the term of sentence, but the due process rights differ substantially merely because of the whim of a case assignment system within a district or the happenstance that a crime is committed in a district without magistrate judges.

There is no basis to conclude that this anamoly reflects legislative intent.

The more reasonable construction is that adopted by the Court of Appeals majority which recognized Legero's right to appeal his probation revocation to a district judge. That construction results from a reading of the various statutes *in pari materia*. As previously noted, K.S.A. 2003 Supp. 22-3609a, relating to appeals of magistrate decisions to the district court, uses the term "any judgment," and K.S.A. 22-3601(a), relating to appeals from the district court to the Court of Appeals, uses the term "final judgment." If anything, the term "any judgment" is broader than the term "final judgment," although the majority's opinion results in a more narrow construction. At a minimum, a construction *in pari materia* of two similar provisions demands that the two terms be applied in the same manner.

In contrast, K.S.A. 2003 Supp. 22-3609, which relates to appeals from municipal courts to the district courts, specifically limits appellate jurisdiction to a "judgment of a municipal court which *adjudges the defendant guilty of a violation of the ordinances of any municipality*." (Emphasis added.) K.S.A. 2003 Supp. 22-3609(1). Because of this limiting statutory language, the majority's reliance upon *City of Wichita v. Patterson,* 22 Kan. App. 2d 557, 559, 919 P.2d 1047, *rev. denied* 260 Kan. 992 (1996), is misplaced. The language in the statute relating to appeals of a municipal judgment is very limiting, allowing only appeals from one type of judgment, and stands in sharp contrast to 22-3609a, which allows an appeal from "any judgment."

The other cases cited by the majority are also distinguishable. In *State v. Lashley,* 233 Kan. 620, 664 P.2d 1358 (1983), the defendant attempted to appeal a magistrate's order binding the defendant over for arraignment. The district court ruled that the order was not appealable, and its decision was affirmed on appeal. 233 Kan. at 624. *Lashley* must be considered within the facts presented. As the Court of Appeals' majority in the present case noted: "An order binding a defendant over for arraignment does not connote finality of judgment in the district court; there is still an ongoing legal process in the district court before disposition of the case in its

entirety and the entry of judgment." 31 Kan. App. 2d at 902. Although there is language in *Lashley* which limits the interpretation of "judgment" to "convictions," that language was unnecessary to the decision and should be limited to the facts of the case which dealt with a preliminary, preconviction ruling, as opposed to this case which is more similar to *Graham* where this court recognized its jurisdiction over a probation revocation appeal pursuant to K.S.A. 22-3601.

The other case cited by the majority, *State v. Remlinger*, 266 Kan. 103, 968 P.2d 671 (1998), is similarly distinguishable. As the Court of Appeals stated:

"The defendant filed a notice of appeal with the district court after he had been convicted by a magistrate but before sentencing. On appeal, the defendant argued 22-3609a authorized his appeal, claiming a finding of guilty was "any judgment" under the statute. The *Remlinger* court observed that a criminal judgment requires a pronouncement of guilt and the determination of punishment. Thus, *Remlinger* required finality of proceedings in the district court as a legal predicate to appellate review. 266 Kan. at 106-07. Here, Legero's probation was revoked, and his sentence imposed. There was a finality in the proceedings before the district court. Like *Lashley*, *Remlinger* speaks only to presentencing orders and judgments, not to probation revocation proceedings that result in the incarceration of a defendant." 31 Kan. App. 2d at 901.

Thus, none of the decisions cited by the majority require the result reached. The majority indicates that the compelling reason for its interpretation is the language in 22-3609a which relates to the procedure for the appeal. Those provisions allow for a trial de novo upon the original complaint. The majority interprets the procedural provisions to require that the entire proceeding begin again with a new determination of guilt and sentencing. I agree with the majority that this would be an unreasonable result. However, I do not agree that this is the result which is required under the statute.

"Trial" is defined as: "A formal judicial examination of evidence and determination of legal claims in an adversary proceeding." Black's Law Dictionary 1510 (7th ed. 1999). The hearing on a revocation of probation requires an evidentiary hearing, a determination of legal claims, and is an adversarial proceeding. Although the procedure provided for in 22-3609a is written in a manner sufficiently broad to accommodate an appeal after the original sen-

tencing following the conviction, nothing in the procedure restricts application of general principles of appellate procedure, allowing an appeal of only some questions or aspects of a judgment, as long as that judgment is final. The trial de novo would be limited to the judgment from which the appeal was taken — in this case, the judgment that Legero had violated his probation and his probation should be revoked.

For these reasons and others stated in the majority opinion of the Court of Appeals, I would affirm the Court of Appeals and reverse the district court.