NOT DESIGNATED FOR PUBLICATION

No. 114,678

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAMIEN M. TERRELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed July 1, 2016. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*:  Damien M. Terrell appeals the district court's denial of his "motion to reconsider revocation of probation to correction of illegal sentencing" filed after the district court revoked his probation and ordered him to serve his underlying sentence. We granted Terrell's motion for summary disposition under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). We dismiss the appeal for lack of jurisdiction.

*Procedural background*

In 2012, Terrell pleaded guilty in a consolidated sentencing hearing on two cases from 2011 and one case from 2012, involving drug-related offenses, offender registration violation, and residential burglary. Terrell's criminal history score rose from a C to a B

1

and then to an A in the successive cases. Despite the high criminal history scores, the district court granted Terrell a downward dispositional departure from a presumptive prison sentence. The district court selected the mid number of the guidelines range, 120 months, as the underlying sentence and granted 36 months' probation. The district court stated, and Terrell agreed, that Terrell would be given "one chance and one chance only" to stay on probation and avoid incarceration. The court stated, "even if it's a conditions violation and you committed no new crimes, you have one probation violation and I will send you to prison." Terrell indicated that he understood and agreed.

In April 2013, Terrell admitted to having violated certain conditions of his probation and the district court imposed the underlying sentence. In July 2015, Terrell filed a motion, styled as a "Motion to Reconsider Revocation of Probation to Correction of Illegal Sentencing." The district court denied the motion—adopting the State's statement of facts and conclusions of law as its own. The district court found that it did not have jurisdiction to reconsider its probation revocation order and that Terrell had failed to show illegality in the original sentence.

*Correction of Illegal Sentence*

As to Terrell's claim that the district court imposed an illegal sentence, we are prohibited by statute from reviewing a sentence for a felony conviction that is: (1) within the presumptive sentence for the crime or (2) the result of a plea agreement between the State and the defendant, which the district court approved on the record. K.S.A. 2015 Supp. 21-6820(c). The underlying sentence here was 120 months, which is the mid number of the guidelines range. Further, Terrell entered a plea agreement with the State that was approved, on the record, by the district court. Thus, we do not have jurisdiction to consider Terrell's claim. *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012).

*Reconsideration of Revocation of Probation*

As to the portion of the motion regarding the revocation of probation, the district court had no jurisdiction to modify the sentence or reconsider its revocation order. *State v. Miller*, 260 Kan. 892, 900-904, 926 P.2d 652 (1996), *abrogated on other grounds* by *State v. Berreth*, 294 Kan. 98, 124, 273 P.3d 752 (2012). Terrell's recourse was, instead, to file an appeal challenging the court's 2013 decision to revoke probation.

Terrell filed that appeal, but not until 2015; thus, his appeal is not timely. See K.S.A. 2015 Supp. 22-3608(c) (stating "[f]or crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal"). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. Legero*, 278 Kan. 109, 111, 91 P.3d 1216 (2004). When the record discloses a lack of jurisdiction, it is the duty of the appellate court to dismiss the appeal. *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008).

Terrell does not raise a fundamental fairness claim or assert that any exception applies to excuse his untimely appeal. Because our court is without jurisdiction to consider his challenge to the revocation of his probation, we dismiss his appeal.

Dismissed.