(825 P.2d 1152)

No. 66,688

CITY OF LENEXA, KANSAS, *Appellee*, v. BRIAN J. HIGGINS, *Appellant*.

Opinion filed February 7, 1992.

*Benjamin C. Wood*, of Overland Park, for appellant.

*Tracy T. Diel*, assistant city attorney, for appellee.

Before BRAZIL, P.J., LEWIS, J., and JOHN W. WHITE, District Judge, assigned.

BRAZIL, J.: Brian J. Higgins appeals the district court's order granting the City of Lenexa's (City) motion to dismiss due to Higgins' failure to file a notice of appeal. K.S.A. 22-3609(2). Higgins contends the time in which to file an appeal had not run and the City's policies deny a defendant equal protection. We affirm.

The facts are not in dispute. Higgins was convicted in Lenexa Municipal Court of obstructing and resisting an officer and criminal damage to property in violation of Lenexa city ordinances. On the same day, Higgins was sentenced by the court and given a 10-day stay of sentence. The court's decision, sentence, and stay were signed by the judge on the back of the complaints filed with the court. It is undisputed Higgins was represented by counsel at those proceedings.

Five days later, Higgins filed his appeal bond through a bonding company with the municipal court clerk. He was given a date

to appear in Johnson County District Court. Apparently, Higgins believed he had filled out, with the clerk's office, the papers necessary to perfect his appeal. It is undisputed that Higgins failed to file a notice of appeal with either the Lenexa Municipal Court or the Johnson County District Court. Higgins also failed to serve a notice of appeal on the Lenexa City Attorney's office.

The City filed a motion to dismiss for lack of jurisdiction due to Higgins' failure to file a notice of appeal. The court granted the City's motion.

1. Notice of appeal.

Higgins contends that, because the municipal court never filed a journal entry or judgment form, the 10-day filing period found in K.S.A. 22-3609(2) never commenced. Higgins states, and both parties agree, the code of procedure for municipal courts, K.S.A. 12-4101 et seq., does not expressly state whether the time to file an appeal runs from the court's oral pronouncement of sentence or from the filing of a journal entry. Higgins consequently asserts the filing of a journal entry is governed not by the code of criminal procedure, but by the code of civil procedure, specifically K.S.A. 60-258.

The City contends the municipal court proceeding is more in the nature of a criminal rather than civil proceeding. As such, K.S.A. 60-258 is inapplicable. Further, the court's oral pronouncement of conviction and sentence meets the applicable requirements found in the code of criminal procedure. The City asserts the 10-day filing period of K.S.A. 22-3609(2) had expired.

K.S.A. 22-3609(2) reads:

"An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection and shall forward such notices and bonds to the district court. No appeal shall be taken more than 10 days after the date of the judgment appealed from."

Higgins asserts that the judgment referred to in K.S.A. 22-3609(2) must be filed and journalized according to the provisions of K.S.A. 60-258. K.S.A. 60-258 states that "[n]o judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court."

We disagree. The municipal code's provisions regarding judgment read: "If the accused person is found not guilty, judgment shall be rendered immediately. If the accused person is found guilty, sentence shall be imposed and judgment rendered without unreasonable delay." K.S.A. 12-4507. "When a judgment is rendered, the municipal judge or clerk of the municipal court shall enter such judgment on the docket; however, the omission of this duty shall not affect the validity of the judgment." K.S.A. 12-4508.

It is well settled that failure to perfect an appeal from a conviction in municipal court to the district court by filing a written notice of appeal as required by K.S.A. 22-3609(2) is a jurisdictional defect. *City of Bonner Springs, v. Clark*, 3 Kan. App. 2d 8, 588 P.2d 477 (1978). See also *City of Overland Park v. Nikias*, 209 Kan. 643, Syl. ¶ 4, 498 P.2d 56 (1972) ("In an appeal from orders of the district court dismissing two attempted criminal appeals from the Municipal Court of Overland Park, Kansas, the record is examined and it is *held* both attempted appeals were properly dismissed since written notices of appeal were not filed in the municipal court as required by K.S.A. 1970 Supp. 22-3609[2].").
It is also the case that "[t]he judgment in a criminal case, whether it imposes confinement, imposes a fine, grants probation, suspends the imposition of sentence, or imposes any combination of those alternatives, is effective upon its pronouncement from the bench." *State v. Moses*, 227 Kan. 400, Syl. ¶ 2, 607 P.2d 477 (1980).

A conviction in a municipal court proceeding is more criminal in nature than civil. K.S.A. 12-4103 reads:

"This code is intended to provide for the just determination of every proceeding for violation of city ordinances. Its provisions shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. If no procedure is provided by this code, the court shall proceed in any lawful manner consistent with any applicable law and not inconsistent with this code."

It is undisputed that the municipal court judge pronounced Higgins' convictions and sentence in open court, in the presence of Higgins and his counsel. The judge's handwritten minutes found on the back of the complaints filed with the court reflect Higgins' convictions, sentence, and stay of 10 days. To reiterate,

the judgment in a criminal case is effective upon its pronounce-
ment from the bench. *State v. Moses*, 227 Kan. 400, Syl. ¶ 2.

Although *Moses* involved a felony governed by the code of
criminal procedure, the court made no distinction between felony
crimes and misdemeanors nor between crimes governed by the
code of criminal procedure and those governed by the municipal
code.

The present case involved resisting an officer and criminal dam-
age to property, crimes under the Lenexa municipal ordinances.
If Higgins had been charged in district court, rather than mu-
nicipal court, he would have been charged under K.S.A. 1991
Supp. 21-3720 (criminal damage to property) and K.S.A. 21-3808
(obstructing legal process or official duty). It is undisputed that
in district court judgment would have been effective upon its
pronouncement from the bench. We are not persuaded that the
procedure in municipal court should be different.

According to the Kansas Municipal Court Manual, a municipal
court has no civil jurisdiction. Kan. Mun. Ct. Manual § 3.01
(1986 rev.). Further, many of the provisions of the municipal
code are patterned after the code of criminal procedure. Those
statutes include provisions relating to motions (K.S.A. 12-4408),
continuances (K.S.A. 12-4409), order of presentation at trial
(K.S.A. 12-4503), judgment (K.S.A. 12-4507), sentence disposition
(K.S.A. 12-4509), parole (K.S.A. 12-4511), setting aside of judg-
ment (K.S.A. 12-4512), correction of errors (K.S.A. 12-4513), and
appeal (K.S.A. 12-4601, K.S.A. 12-4602). See Buck, *A New Pro-
cedure For Municipal Courts*, 42 J.K.B.A. 7 (1973). We conclude
that under the code for municipal courts, like the code for crim-
inal procedure, the court's judgment is effective when announced.
Consequently, the time for appeal under K.S.A. 22-3609(2) began
to run when sentence was announced. Higgins' failure to file a
timely notice of appeal is a jurisdictional defect.

In addition, Higgins has not explained why the notes made
and signed by the judge on the back of the complaint would not
constitute a judgment form under K.S.A. 60-258. Although we
have concluded that K.S.A. 60-258 is not applicable to municipal
court cases, we believe that the practice of noting the judgment
on the back of the complaint, when signed by the judge, con-
stitutes a judgment form.

At oral argument and by supplemental letter filed after argument, Higgins contends his appeal bond effectively served as both bond and notice of appeal. That contention is without merit. K.S.A. 22-3609 speaks in terms of two documents: notices of appeals and appearance bonds. Further, K.S.A. 22-3609(3) specifically requires a defendant to serve upon the city attorney prosecuting the case a notice of appeal. There is no such requirement as to the bond, and there is no contention Higgins served the city attorney with a copy of the appearance bond. Consequently, a notice of appeal was not served on the city attorney.

2. Equal protection.

Higgins contends that the City denied him equal protection of the laws because the City does not provide forms for municipal court defendants to appeal their convictions pro se. Higgins argues that other Johnson County cities provide such a form and, consequently, Lenexa's policy is constitutionally flawed. Higgins cites no authority for his proposition.

Our Supreme Court has held that there must be some statutory protection given to a particular class in order to require an equal protection analysis. *Akins v. Hamblin*, 237 Kan. 742, 750, 703 P.2d 771 (1985). The Tenth Circuit Court of Appeals has held that, in an equal protection analysis, "the real test is whether the statutory classification has some rational relationship to legitimate state objectives." *Aubertin v. Board of Cty. Com'rs. of Woodson Cty.*, 588 F.2d 781, 785 (10th Cir. 1978). In this case, K.S.A. 22-3609 clearly requires an appeal from a municipal court to be filed in the district court of the county in which the municipal court is located. The practices of other cities in Johnson County regarding pro se appeals should have little bearing on Lenexa's procedure. Moreover, Higgins was represented by counsel in municipal court. After judgment was pronounced, Higgins attempted to perfect this appeal pro se. Higgins then contacted present counsel and told him that he had already filed a notice of appeal.

Higgins also contends that, regardless of his failure to file a notice of appeal, the Lenexa city prosecutor had notice of Higgins' appeal and was not prejudiced by his failure to timely file a notice

of appeal. That contention has no bearing on this case. "The fact that an appellee has notice of an appellant's intention to appeal is irrelevant where statutory jurisdictional requirements are not met." *City of Bonner Springs v. Clark*, 3 Kan. App. 2d at 10.

Higgins' equal protection claim is without merit. Higgins must accept the consequences of attempting to proceed pro se.

The district court appropriately dismissed Higgins' appeal due to lack of jurisdiction. Affirmed.