(133 P.3d 1291)
No. 94,806

CITY OF DODGE CITY, *Appellant,* v. HUMBERTO REYES, *Appellee.*

Opinion filed May 19, 2006.

*Terry J. Malone,* of Williams, Strobel, Malone & Ralph, P.A., of Dodge City, for appellant.

*Linda L. Eckelman,* of Dodge City, for appellee.

Before MCANANY, P.J., MARQUARDT and CAPLINGER, JJ.

MARQUARDT, J.: Dodge City (City) appeals on a question reserved from the district court's finding that it had jurisdiction over Humberto Reyes' appeal from his municipal court convictions. Appeal denied.

On March 10, 2005, Reyes was convicted in Dodge City's municipal court of one count each of driving while under the influence

of alcohol (DUI) (second violation), speeding, and refusing to submit to a preliminary breath test. He was sentenced to a jail term of 180 days with 175 days suspended, and fined $1,000. Reyes' fine, court costs, and other fees totaled $1,315. The court ordered him to appear on June 7, 2005, unless all fines and costs were paid, and to post an appearance bond of $1,315 cash or surety.

On March 16, 2005, Reyes paid $131.50 to the court and filed a notice of appeal to the district court. The receipt he received was entitled, "Dodge City Municipal Court Bond Record." The space labeled "Date of Arrest, or Appearance" was filled in with the words "appearance bond." The space labeled "appearance bond number" was left blank. Two days later, Reyes filed a signed document entitled "appearance bond" but left blank the spaces on the document where a date and signature for a judge's approval would normally appear. The same day, Bankers Insurance, a surety, filed a document entitled "Appearance Bond" with the municipal court on behalf of Reyes, acknowledging an indebtedness of $1,315 to the City. The only signature on the appearance bond was Bankers Insurance surety's representative, Myrna San Miguel.

On April 7, 2005, the City moved to dismiss Reyes' appeal on grounds that the district court lacked jurisdiction because Reyes failed to file his appearance bond within the statutorily mandated 10 days. At a hearing on the motion before the district court, the City argued that although Reyes timely filed his notice of appeal, he did not sign the appearance bond; therefore, Reyes' document was ineffective. The City further argued that the appearance bond was invalid because it did not bear the signature of a municipal court judge approving the surety. In denying the City's motion, the district court found the appearance bond met the statutory requirements and directed Reyes to sign it.

The case proceeded to trial in the district court where a jury convicted Reyes of refusing to submit to a preliminary breath test and speeding but found him not guilty of DUI. The City timely appeals on a question reserved, claiming that the district court lacked jurisdiction to hear Reyes' appeal.

The City argues that Reyes failed to properly execute an appearance bond under K.S.A. 12-4301, which in turn is a statutory

requirement under K.S.A. 2005 Supp. 22-3609 for appealing a municipal court conviction. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

A defendant may appeal to the district court any judgment of a municipal court where the defendant was found guilty of violating an ordinance of that municipality. K.S.A. 2005 Supp. 22-3609(1). The procedure for perfecting an appeal from a municipal court to the district court is statutory:

"An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection . . . . No appeal shall be taken more than 10 days after the date of the judgment appealed from." K.S.A. 2005 Supp. 22-3609(2).

When computing the 10-day period after a judgment, Saturdays, Sundays, and legal holidays are not included in the calculation. K.S.A. 60-206(a). Reyes was convicted on March 10, 2005, and the deadline for filing his appeal was March 24, 2005.

Failure to follow the provisions of K.S.A. 2005 Supp. 22-3609 is a jurisdictional defect which deprives the district court of jurisdiction to proceed with an appeal. See *City of Overland Park v. Barron*, 234 Kan. 522, 526-27, 672 P.2d 1100 (1983). Reyes' notice of appeal identifies the parties but does not identify the case being appealed. The notice states: "Linda L. Eckelman, . . . hereby appeals the decision of the Municipal Court Judge of Dodge City of the Court trial heard filed of Record, March 10, 2005, to the Municipal Court of Dodge City, Ford County, Kansas." K.S.A. 2005 Supp. 22-3609(3) requires a notice of appeal from a municipal court must designate the judgment appealed from. Appellate court notice of appeal requirements may be liberally construed and a written notice of appeal is deemed sufficient if it sets forth the defendant's wish to contest the judgment. *State v. Boyd*, 268 Kan. 600, 607, 999 P.2d 265 (2000) (citing *State v. Walker*, 260 Kan. 803, 805, 926 P.2d 218 [1996]). The body of Reyes' notice of appeal

does not designate the specific judgment appealed from; however, the caption provides the omitted information.

Reyes argues that the document he signed and filed on March 18, 2005, is entitled "appearance bond," the municipal court set an appearance bond, and the surety's agent posted an appearance bond all within the 10-day statutory period. The document states:

"AND NOW, on this ____ day of ____, 2005, the Court being duly advised that the Defendant intends to appeal this matter to the District Court, herein sets the appeal bond in the amount of $131.50 as security for his appeal in any and all matters here in the Municipal Court of Dodge City, Kansas."

An appearance bond is an undertaking, with or without security, entered into by which the person is bound to comply with the conditions of the undertaking. K.S.A. 12-4113(a).

Although the document Reyes signed and filed on March 18, 2005, is entitled "appearance bond," it says that Reyes intends to appeal his conviction to the district court. The question is whether the appearance bond filed by the surety, and signed by Reyes on April 20, 2005, satisfies statutory requirements.

" '[J]urisdiction in any action on appeal is dependent upon strict compliance with the statutes. However, when there is a valid controversy whether the statutory requirements have been complied with [this court is] required to construe those statutes liberally to assure justice in every proceeding.' [Citation omitted.]" *State v. Wilkins*, 269 Kan. 256, 270, 7 P.3d 252 (2000).

K.S.A. 12-4301 states, in relevant part, "[a] person having the right to post bond for appearance shall, in order to do so, *execute in writing* a promise to appear at the municipal court at a stated time and place." (Emphasis added.) The appearance bond filed by the surety complies with the suggested form under K.S.A. 12-4304; however, the municipal court judge and Reyes did not sign it before it was filed with the clerk of the municipal court. An executed document is one that has been signed. See Black's Law Dictionary 609 (8th ed. 2004). Reyes signed the appearance bond 19 days beyond the 10 days permitted to file an appeal.

At the April 20, 2005, hearing, the district court found that despite Reyes' missing signature from the appearance bond, it was valid because the surety's representative signed and filed the bond.

The district court noted Reyes' signature was not an absolute requirement. The district court concluded that Reyes complied with the statute and directed him to sign the appearance bond. The district court properly found that it had jurisdiction over Reyes' appeal.

Appeal denied.