No. 116,825

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF TOPEKA,
*Appellee*,

v.

PETER MATTHEW RAMOS,
*Appellant*.

SYLLABUS BY THE COURT

1.

When a municipal traffic offender pays his or her ticket online pursuant to the court's fine schedule, the judgment is final when the online transaction is successfully completed. This begins the 14-day time period to appeal under K.S.A. 2016 Supp. 22-3609(b).

2.

The plain language of K.S.A. 2016 Supp. 22-3609(a) allows appeals only from municipal court judgments finding a defendant guilty of an ordinance violation or a finding of contempt. A denial of a motion to withdraw plea does not fit under either option. Accordingly, it is not an appealable order.

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Opinion filed February 9, 2018. Affirmed.

*Nicholas David*, of The David Law Office LLC, of Topeka, for appellant.

*Paige A. Blevins*, assistant city attorney, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.

ARNOLD-BURGER, C.J.:  Kansas law provides that an appeal may be taken from any judgment in a municipal court that adjudges the defendant guilty of a violation of a city ordinance. K.S.A. 2016 Supp. 22-3609(a). The appeal must be filed within 14 days after the sentence is imposed. K.S.A. 2016 Supp. 22-3609(b).

Peter Matthew Ramos was ticketed by Topeka police for racing/exhibition of speed in August 2015. On September 11, 2015, without appearing in court, Ramos pled no contest and paid his ticket and court costs online. Several months later he filed a motion to set aside his plea which was denied by the municipal court. He appealed to the district court which dismissed his appeal on the basis that it was not timely as to his conviction and there was no statutory right to appeal the withdrawal of a plea. Because we agree that the district court lacked jurisdiction to consider Ramos' appeal, we affirm the dismissal.

FACTUAL AND PROCEDURAL HISTORY

The facts are not in dispute. In August 2015, Peter Matthew Ramos was given a traffic citation for racing/exhibition of speed, in violation of a Topeka city traffic ordinance. Like thousands of other traffic violators around the state, on September 11, 2015, without appearing in court, Ramos pled no contest and paid his ticket and court costs online. Apparently because of some unanticipated collateral consequences to his Florida driver's license as a result of his plea, over three months later Ramos retained counsel and filed a motion to withdraw his plea. The Topeka Municipal Court judge heard and denied Ramos' motion on January 21, 2016. Ramos filed a notice of appeal in the Shawnee County District Court on the same day. On January 27, 2016, the municipal court judge signed a "Record of Proceedings from Municipal Court."

2

The "Record of Proceedings" states: "I, the undersigned, Municipal Court Judge of the City of Topeka, hereby certify that the within is a full, true, complete and perfect copy of the proceedings in the above action, had by and before me, at my office in said city, as the same appears of record." The journal entry sets out the charges from Ramos' traffic citation and then states:

"On this 11th Day of September 2015, Peter Matthew Ramos being arraigned, pleads **No Contest**. Whereupon the case is tried by the Court 11th Day of September 2015.

". . . .

"Finding of the Court: **Racing on Highways Guilty**, as charged.

"It is therefore considered, ordered and adjudged by the Court, this 26th day of January, 2016 that the said Defendant, Peter Matthew Ramos is hereby sentenced to pay a fine to the City of Topeka in the sum of **$100.00**, court costs of **$72.00**."

The journal entry was signed by the municipal judge.

The City of Topeka (City) filed a motion to dismiss Ramos' appeal, arguing, in part, that the district court lacked jurisdiction to consider the appeal because it was untimely—having been filed more than 14 days after he paid the fine online. Ramos responded to the City's motion, arguing that by the clear language of the journal entry, Ramos was not sentenced until January 26, 2016, so his appeal was timely. In the alternative, Ramos argued that he should be allowed to appeal the denial of his motion to withdraw his plea, which was timely. The City responded that a ruling on a motion to withdraw a plea was not an appealable order under Kansas law. We note that Ramos also made an argument that his time to appeal should have been extended based on the Kansas

3

Supreme Court's ruling in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), but he abandons that issue on appeal.

The district court took the matter under advisement and later ordered Ramos' appeal dismissed. The district court found that Ramos was sentenced on September 11, 2015, and that the municipal journal entry on January 26, 2016, was "merely a memorialization of this previously-imposed sentence." The district court concluded that any appeal from Ramos' sentence was due by September 25, 2015, 14 days after his sentence. The court also found that there was no statutory right to appeal the denial of a motion to withdraw a plea in municipal court. Ramos appeals the district court's dismissal of his appeal.

ANALYSIS

*Ramos' notice of appeal to the district court was untimely.*

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

An appeal from a municipal court to the district court is governed exclusively by K.S.A. 2016 Supp. 22-3609. It provides that an appeal may be taken from any judgment in a municipal court that adjudges the defendant guilty of a violation of a city ordinance. K.S.A. 2016 Supp. 22-3609(a). The appeal must be filed within 14 days after the sentence is imposed. K.S.A. 2016 Supp. 22-3609(b). The filing of a notice of appeal stays all further proceedings on the judgment appealed from. K.S.A. 2016 Supp. 22-3609(a). Failure to perfect an appeal from a municipal court conviction is a jurisdictional defect which deprives the district court of jurisdiction to proceed with an appeal. *City of Dodge*

4

*City v. Reyes*, 35 Kan. App. 2d 756, 758, 133 P.3d 1291 (2006). Whether jurisdiction exists is a question of law subject to unlimited review. 35 Kan. App. 2d at 758.

Ramos argues that his notice of appeal was timely because based on the clear language of the January 26, 2016 journal entry, he was sentenced on January 26, 2016, as opposed to September 11, 2015, when he pled no contest and paid his ticket online. Ramos also incidentally argues that any notion that he was not sentenced on January 26, 2016, should be disregarded because it is unsupported by the municipal court record on appeal. On this later incidental point, we must disagree. The record on appeal for this case provides ample evidence to consider whether Ramos was sentenced in September 2015 or January 2016.

The Kansas Code of Procedure for Municipal Courts (KPMC) "governs the practice and procedure in all cases in municipal courts." K.S.A. 12-4102. In analyzing this issue, we begin by noting that pursuant to *City of Junction City v. Griffin*, 227 Kan. 332, 337, 607 P.2d 459 (1980), and its progeny interpreting Article 12, Section 5(d) of the Constitution of Kansas, the City of Topeka has adopted a charter ordinance exempting itself from the Kansas Municipal Court Procedures Act and adopting substitute provisions. See Topeka Charter Ordinance 86, adopted March 20, 2001. But for the issues presented in this case, the adopted provisions are identical to state statute, so we will cite to both. The analysis is the same. Just as the KPMC, the Topeka Municipal Code (T.M.C.) provides that the code "governs the practice and procedure in all cases in the Topeka municipal court." T.M.C. 2.110.030. If the T.M.C. does not provide a procedure then "the court shall proceed in any lawful manner consistent with any applicable law and not inconsistent with this code." T.M.C. 2.110.040; see K.S.A. 12-4103 ("If no procedure is provided by this code, the court shall proceed in any lawful manner consistent with any applicable law and not inconsistent with this code.").

5

Both the T.M.C. and the KPMC are very specific when it comes to setting and paying fines. The municipal judge is required to develop a schedule of fines to be imposed for ordinance traffic infractions. T.M.C. 2.110.330(a); K.S.A. 12-4305(a). Prior to the scheduled court date, a traffic offender "may enter an appearance, waive right to trial, plead guilty or no contest and pay the fine for the violation as specified in the schedule." T.M.C. 2.110.330(c); K.S.A. 12-4305(c) (same). Even if the offender fails to enter a plea, the payment itself is "deemed such an appearance, waiver of right to trial and plea of no contest." T.M.C. 2.110.330(c); K.S.A. 12-4305(c) (same). Further, the municipal judge "may authorize the clerk of the municipal court or some other person to accept by mail or in person such voluntary appearance, plea of guilty or no contest and payment of the fine imposed by the schedule." T.M.C. 2.110.330(c); K.S.A. 12-4305(c) (same). Finally, "[w]hen a judgment is rendered, the municipal judge or clerk of the municipal court shall enter such judgment on the docket; however, the omission of this duty shall not affect the validity of the judgment." T.M.C. 2.110.600; K.S.A. 12-4508 (same).

Ordinarily, a sentence is effective when pronounced from the bench. *State v. Tafoya*, 304 Kan. 663, 666, 372 P.3d 1247 (2016). However, in this case Ramos did not go to court. Instead he elected to appear online, plead no contest, and pay his fine. The City, through the testimony of the municipal court clerk at a hearing to establish the jurisdiction of the court, presented a copy of the receipt showing his payment was accepted at 8:50 a.m. on September 11, 2015. Based on the clear language of the Topeka ordinances and the state statutes, Ramos' judgment was pronounced on September 11, 2015, when he pled no contest and was sentenced to pay a fine and court costs pursuant to the online fine schedule. Ramos paid his fine and court costs the same day. While the municipal judge may have signed the record of proceedings on January 26, 2016, (after the notice of appeal had already been filed) stating that "Ramos is hereby sentenced to pay a fine to the City of Topeka in the sum of **$100.00**, court costs of **$72.00**," Ramos had already paid the $172. We agree with the district court that the record of proceedings

6

appears to be nothing more than a recitation of Ramos' September 11, 2015 sentence in an attempt to certify a record of the electronic proceedings for use by the district court. To hold otherwise would indefinitely and indiscriminately extend appeal time limits until such an order is entered—presumably only when an appeal is attempted. This is contrary to the provision that states that failure to actually enter the judgment on the docket by the judge or the clerk "shall not affect the validity of the judgment." T.M.C. 2.110.600; K.S.A. 12-4508 (same).

We have no hesitation in concluding that when a municipal traffic offender pays his or her ticket online pursuant to the court's fine schedule, the judgment is final when the online transaction is successfully completed. This begins the 14-day time period to appeal under K.S.A. 2016 Supp. 22-3609.

Under the facts of this case, Ramos was sentenced on September 11, 2015. He had 14 days from that date to file his notice of appeal. K.S.A. 2016 Supp. 22-3609(b). Ramos filed his notice of appeal in the district court on January 21, 2016, well outside the 14-day limit. The district court did not err in dismissing the appeal as untimely.

*A municipal court's denial of a motion to withdraw a plea is not an appealable order.*

Ramos argues in the alternative that the district court erred in dismissing Ramos' appeal because the denial of a motion to withdraw a plea is a final appealable order. Ramos relies on *State v. McDaniel*, 255 Kan. 756, 877 P.2d 961 (1994), to show that he is statutorily allowed to appeal the denial of his motion to withdraw a plea.

7

*Standard of Review*

To reiterate, the right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Smith*, 304 Kan. at 919. Whether jurisdiction exists is a question of law subject to unlimited review. *City of Dodge City*, 35 Kan. App. 2d at 758.

Resolution of this issue involves statutory construction—does K.S.A. 2016 Supp. 22-3602(a) permit an appeal from the denial of a motion to withdraw a plea? Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 303 Kan. at 813.

*Analysis*

An appeal from a municipal court to the district court is governed exclusively by K.S.A. 2016 Supp. 22-3609. It provides that an appeal may be taken from any judgment in a municipal court *that adjudges the defendant guilty* of a violation of a city ordinance or any finding of contempt. K.S.A. 2016 Supp. 22-3609(a). This is decidedly different than the statutory procedure for appealing from a decision by a magistrate judge or appealing a decision of a district court judge. See K.S.A. 2016 Supp. 22-3609a(a) (right

8

to appeal to a district judge "*any judgment* of a district magistrate judge" who is not licensed as an attorney [Emphasis added.]); K.S.A. 2016 Supp. 22-3602(a) (with a few listed exceptions, "appeal may be taken by the defendant as a matter of right from *any judgment* against the defendant in the district court" [Emphasis added.]).

Although at first it may seem inconsistent to have different standards based on the court from which one's case originates, this legislatively developed distinction does make sense. Municipal courts are not courts of record in Kansas. See *State v. Hughes*, 290 Kan. 159, 172, 224 P.3d 1149 (2010) ("municipal courts are not courts of record"). In other words, proceedings are not required to be recorded or transcribed. General jurisdiction district court proceedings are routinely required to be on the record. Accordingly, in the case of municipal court convictions all appeals to the district court are de novo, where a transcript will be made of the proceedings and further appeal can be had to the Kansas Court of Appeals to address legal issues that arise. The thought was clearly that any error in conviction could be addressed by a de novo trial. We pause to note that our Supreme Court has recognized that there are very limited situations in which a petition for a writ of habeas corpus may be brought to challenge a municipal court judgment and thereby correct constitutional violations even though a timely appeal was not pursued. See *In re Habeas Corpus Application of Gilchrist*, 238 Kan. 202, 206-07, 708 P.2d 977 (1985) (challenging denial of counsel after time to appeal had expired and defendant was being held in jail for the offense). Ramos does not assert any constitutional violations, nor does he file this action as anything other than an appeal under K.S.A. 2016 Supp. 22-3609(a). Instead, Ramos contends that based on the Kansas Supreme Court's 1994 decision in *McDaniel*, 255 Kan. 756, a municipal defendant may appeal the denial of a motion to withdraw a plea. We disagree.

In *McDaniel*, the Kansas Supreme Court addressed whether a defendant in district court has a right to a direct appeal from the denial of his or her motion to withdraw a guilty plea. At the time, K.S.A. 1993 Supp. 22-3602 contained the same language it does

9

now, granting a defendant an appeal "as a matter of right from *any judgment against the defendant* in the district court." (Emphasis added.) The court reasoned that K.S.A. 22-3210(d) allows a defendant to seek to withdraw his or her plea and therefore there must be a right to a direct appeal from the denial of that motion. 255 Kan. at 760. However, the situation in this case is markedly different from that in *McDaniel* because *McDaniel* dealt with an appeal from the district court to the Court of Appeals. See 255 Kan. at 757-58. The current case is distinguishable because as already noted, different statutory language applies to municipal court appeals, limiting such appeals to a judgment "which adjudges the defendant guilty of a violation" of a city ordinance. K.S.A. 2016 Supp. 22-3609(a).

More on point is *City of Wichita v. Patterson*, 22 Kan. App. 2d 557, 919 P.2d 1047 (1996), in which this court addressed a past version of K.S.A. 2016 Supp. 22-3609(a) that was substantially similar. In *Patterson*, this court addressed whether a defendant was able to appeal the municipal court's order revoking his probation. We found that the language of the statute was clear and unambiguous. Under the plain language of the statute Patterson was unable to appeal his probation revocation because it was not a judgment that adjudicated Patterson as guilty. 22 Kan. App. 2d at 558-59.

The Kansas Supreme Court addressed a similar issue in *State v. Legero*, 278 Kan. 109, 91 P.3d 1216 (2004). *Legero* was decided 10 years after *McDaniel* and cites *Patterson* with approval. 278 Kan. at 112-13. In *Legero*, the court was tasked with determining whether a defendant could appeal a probation revocation from a district magistrate judge under K.S.A. 2003 Supp. 22-3609a. The court, focusing on the de novo nature of appeals from a magistrate judge's decision, held that a defendant is unable to appeal probation revocations to the district judge, noting that "[f]or all practical purposes, the prosecution starts over." 278 Kan. at 114; see K.S.A. 2003 Supp. 22-3609a(3) (providing that all appeals from a district magistrate were to be tried de novo by the district judge). The court reasoned that because the prosecution starts over, allowing an appeal of a probation revocation would lead to unreasonable results. 278 Kan. at 115-16.

If a defendant was sentenced to probation by a magistrate judge and that probation is revoked, the defendant would have 10 days to appeal from the revocation. However, the propriety of the revocation would not be at issue; instead, the district judge would be tasked with determining the guilt or innocence de novo on the original complaint. 278 Kan. at 115-16.

Similar unreasonable results would occur if Ramos was allowed to appeal the municipal court's denial of his motion to withdraw plea. The district court would not be tasked with determining the appropriateness of the denial of the motion but instead would hear the case de novo and determine Ramos' guilt or innocence.

Accordingly, we find that the plain language of K.S.A. 2016 Supp. 22-3609(a) allows appeals only from judgments finding a defendant guilty of an ordinance violation or a finding of contempt. A denial of a motion to withdraw plea does not fit under either option. Under the plain language of the statute, Ramos is unable to appeal the denial of his motion to withdraw plea.

Affirmed.