NOT DESIGNATED FOR PUBLICATION

No. 118,478

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF LAWRENCE,
*Appellee*,

v.

BRITTANY DRISCOLL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed September 7, 2018.
Affirmed.

*Nicholas David*, of The David Law Office LLC, of Topeka, for appellant.

*Elizabeth M. Hafoka*, supervising city prosecutor, for appellee.

Before STANDRIDGE, P.J., BRUNS and GARDNER, JJ.

PER CURIAM:  After Brittany Driscoll pleaded guilty to driving without insurance in municipal court, she moved to withdraw her plea and set aside her conviction. When the municipal court denied her motion, she appealed to the district court. The district court dismissed Driscoll's appeal, finding that it lacked jurisdiction. Driscoll appeals that dismissal. We agree that a motion to withdraw a plea in municipal court cannot be appealed to the district court.

1

*Factual and procedural history*

In 2015, Driscoll was charged with a stop sign violation, driving with a suspended license, and driving without insurance. She pleaded guilty in the Lawrence Municipal Court to driving without insurance and the City dismissed the other two charges. The municipal court sentenced her to six months' probation with an underlying sentence of 90 days in jail. Driscoll successfully completed probation in March 2016 and took no direct appeal.

About a year after sentencing, Driscoll moved to withdraw her guilty plea and set aside her conviction. She argued that when she entered her plea she was unaware of the full consequences of her conviction—specifically, that she would be considered a habitual violator and that her license would be suspended for three years postconviction. The municipal court denied Driscoll's motion. It found that it need not inform her of the collateral consequences of her plea, that she had waived her right to counsel with a written waiver, and that she had not shown manifest injustice because she knowingly and voluntarily entered the plea. See *City of Ottawa v. Lester*, 16 Kan. App. 2d 244, 248, 822 P.2d 72 (1991) (finding that the suspension of driving privileges is a collateral consequence to the defendant's guilty plea and that the statutes governing municipal courts do not require a court to advise the defendant of the collateral consequences of a plea).

Driscoll appealed the municipal court's findings to the Douglas County District Court. But the district court found a motion to withdraw a plea is not an appealable order under the governing statute and dismissed Driscoll's appeal for lack of jurisdiction. Driscoll timely appeals.

2

*Analysis*

The right to appeal is statutory and is not in the United States or Kansas Constitutions. Generally, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Whether jurisdiction exists is a question of law subject to unlimited review. *City of Dodge City v. Reyes*, 35 Kan. App. 2d 756, 758, 133 P.3d 1291 (2006).

Driscoll contends that the district court erred by dismissing her appeal from the municipal court's denial of her motion to withdraw a plea. Driscoll argues that the district court applied only K.S.A. 22-3609(a) and ignored K.S.A. 22-3210(d) when finding it lacked jurisdiction.

K.S.A. 2017 Supp. 22-3609, titled "Appeals from Municipal Courts," provides that only two types of rulings can be appealed to the district court from municipal court:

> "The defendant shall have the right to appeal to the district court of the county
> from any judgment of a municipal court which adjudges the defendant guilty of a
> violation of the ordinances of any municipality of Kansas or any findings of contempt."
> K.S.A. 2017 Supp. 22-3609(a).

Driscoll appealed the municipal court's denial of her motion to withdraw a plea. Her appeal was not from a judgment finding her guilty of an ordinance violation or from a finding of contempt. Thus, under this statute, she was not entitled to appeal to district court.

When a statute is clear and unambiguous, as this one is, an appellate court will not read into the statute something not readily found in it. *State v. Barlow*, 303 Kan. 804,

813, 368 P.3d 331 (2016). Appeals from a denial of a motion to withdraw a plea are not permitted under the statute, as the inclusion of one thing implies the exclusion of another. See *State v. Martin*, 285 Kan. 735, 741-42, 175 P.3d 832 (2008).

We recently reached the same conclusion in a similar appeal. *City of Topeka v. Ramos*, 55 Kan. App. 2d 306, 312-14, 414 P.3d 255 (2018). There, the defendant appealed a municipal court denial of his motion to withdraw his plea because of unanticipated collateral consequences to his driver's license. *Ramos*, 55 Kan. App. 2d at 307. We found that the plain language of K.S.A. 2016 Supp. 22-3609(a) allows appeals only from judgments finding defendants guilty of violating an ordinance or a finding of contempt. We recognized that appeals from municipal courts, where proceedings need not be recorded or transcribed, are more limited than appeals from decisions by a magistrate judge or a district court. See K.S.A. 2017 Supp. 22-3609a(a); K.S.A. 2017 Supp. 22-3602(a) (permitting an appeal "as a matter of right from any judgment against the defendant in the district court"). But we explained why that distinction made sense. We concluded that a denial of a motion to withdraw a plea in municipal court is not an appealable order. *Ramos*, 55 Kan. App. 2d at 314. We believe *Ramos* is well-reasoned and we follow it here.

Driscoll contends that the district court should have applied K.S.A. 2017 Supp. 22-3210(d)(2). But that statute merely provides that "[t]o correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2017 Supp. 22-3210(d)(2). It states nothing about an appeal. Driscoll then contends that based on the Kansas Supreme Court's decision in *State McDaniel*, 255 Kan. 756, 877 P.2d 961 (1994), a municipal defendant may appeal the denial of a motion to withdraw a plea. But *McDaniel* is not on point because that case dealt with an appeal from the district court to the Kansas Court of Appeals. See 255 Kan. 757-58. We rely instead on *City of Wichita v. Patterson*, 22 Kan. App. 2d 557, 558-59,

4

919 P.2d 1047 (1996) (finding defendant could not appeal a municipal court order revoking his probation because it was not a judgment that adjudicated him guilty).

The district court correctly ruled it had no jurisdiction.

Affirmed.