NOT DESIGNATED FOR PUBLICATION

No. 124,088

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee*,

v.

ALFRED OBIERO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed May 27, 2022.
Reversed and remanded with directions.

*Alfred Obiero*, appellant pro se.

No appearance by appellee.

Before MALONE, P.J., ATCHESON and WARNER, JJ.

PER CURIAM:  This case presents a procedural quagmire of sorts. After Alfred
Obiero was convicted of two municipal offenses in Wichita in 2015, he appealed those
convictions to the district court. Obiero ultimately pleaded guilty to those crimes and was
ordered to serve a jail term and pay a $100 fine and other court costs. Five years later,
when Obiero was serving a prison sentence in a different case, the City of Wichita
garnished his account with the Kansas Department of Corrections to pay part of his fine
and court costs from the 2015 case. Obiero moved to rescind the garnishment order,
claiming his convictions were void because the district court lacked jurisdiction to hear

1

his appeal in 2015 because it was filed outside the statutorily permitted timeframe. The district court denied Obiero's motion, and he appeals.

After carefully reviewing the record and Obiero's arguments, we find that the district court based its decision on a mistake of law about when Obiero's sentence became effective (and thus when the timeframe for filing an appeal began). We therefore reverse the district court's judgment and remand the case for reconsideration of Obiero's arguments under a correct understanding of the governing law.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2015, the City of Wichita charged Obiero in municipal court with failure to comply with bond restrictions. The court found him guilty, sentenced him to jail time, and ordered him to pay a $100 fine and $297 in court costs. The municipal court journal entry notes Obiero's first appearance on January 5 and his arraignment on January 20, but the journal entry does not show the date the court pronounced Obiero's sentence. Instead, the journal entry notes that the court stayed Obiero's sentence to April 16, 2015. While his sentence was stayed, Obiero appealed his municipal convictions to the district court, filing his notice of appeal on April 22. The notice of appeal left the date of the municipal judgment blank.

The district court heard Obiero's appeal in May 2015. At that time, Obiero pleaded guilty to the charged offense. The district court then imposed the same judgment ordered by the municipal court—a six-month jail term, a $100 fine, and $297 in municipal court costs. The district court's journal entry also ordered Obiero to pay the "booking fee," "appeal fee," and "any district court costs," but nothing in the record reflects a dollar amount for these items or the total amount of the combined fine and costs Obiero was required to pay.

2

Obiero took no further action in the case and apparently completed his jail sentence shortly after the sentencing hearing, as he received credit for the time he had served since January 2015. There was no action in the case for the next five years.

In July 2020, a garnishment order was issued against Obiero for $310.13, the amount remaining from the 2015 judgment. The garnishment order did not state what this amount represented—whether it included the fine, municipal court costs, or district court costs—or what the total amount of the judgment had been against Obiero, but it listed the Sedgwick County District Court as the judgment creditor. Because Obiero was in prison on an unrelated matter, the district court ordered the Kansas Department of Corrections to garnish his inmate account, which held $68.22. A collection firm garnished this entire amount for payment toward the 2015 judgment.

When this occurred, Obiero filed pro se motions to vacate his 2015 conviction, rescind the garnishment, and reimburse the money taken from his inmate account. As the basis for each of these requests, Obiero argued that the district court lacked jurisdiction when it heard his 2015 appeal because the notice of appeal in that case (which he had filed) was filed more than 14 days after sentencing. See K.S.A. 2020 Supp. 22-3609(b). According to Obiero, this untimely notice rendered the district court's 2015 judgment void, as it never acquired appellate jurisdiction over his case.

The district court held a hearing on these motions in late 2020. The court recognized that neither the municipal court journal entry nor the original notice of appeal included the date Obiero was sentenced. But the district court found that the missing date did not render the appeal defective because Obiero's municipal-court sentence had been suspended until April 16, 2015, and Obiero filed his notice of appeal within 14 days of that date. Based on this reasoning, the district court concluded there was no jurisdictional defect to Obiero's initial appeal and denied his motions.

3

DISCUSSION

In his appeal, Obiero challenges only the district court's denial of his motion to rescind the garnishment (not the district court's denial of his motion to vacate his conviction). But the two claims are somewhat intertwined. Obiero contends that the date the court used to determine whether the 2015 notice of appeal was timely—the date of the stayed sentence, not the date the municipal court pronounced it from the bench—was legally incorrect. He asserts that the correct date would render his 2015 notice of appeal untimely, and thus the district court lacked jurisdiction to hear his municipal appeal. Neither the City of Wichita nor the judgment creditor filed a brief.

When a defendant receives a conviction in municipal court, he or she can appeal that judgment to the district court within "14 days after the date the sentence is imposed." K.S.A. 2020 Supp. 22-3609(b). "No appeal shall be filed until after the sentence has been imposed." K.S.A. 2020 Supp. 22-3609(b). And the timely filing of a notice of appeal is jurisdictional. *Albright v. State*, 292 Kan. 193, Syl. ¶ 1, 251 P.3d 52 (2011). "Failure to perfect an appeal from a municipal court conviction is a jurisdictional defect which deprives the district court of jurisdiction to proceed with an appeal." *City of Topeka v. Ramos*, 55 Kan. App. 2d 306, 308, 414 P.3d 255, *rev. denied* 308 Kan. 1593 (2018).

This appeal thus hinges on whether Obiero's municipal sentence was imposed when the municipal court announced it from the bench—an unknown date—or, as the district court found, the date of the stayed sentence. Like a state conviction, a municipal conviction is effective when the court announces it. *City of Lenexa v. Higgins*, 16 Kan. App. 2d 499, Syl. ¶ 1, 825 P.2d 1152, *rev. denied* 250 Kan. 804 (1992). The "time for appeal under K.S.A. 22-3609[b] begins to run when [the] sentence is announced." 16 Kan. App. 2d 499, Syl. ¶ 2.

4

When the municipal court stays the sentence to a later date, the date the court announced the sentence—not the date of the stay—still controls for appeal purposes. See *City of Wichita v. Smith*, 31 Kan. App. 2d 837, Syl. ¶ 2, 75 P.3d 1228 (2003) ("Suspending imposition of the sentence does not alter the effective date of sentencing."); *Higgins*, 16 Kan. App. 2d at 499, 502. And the original sentencing date is the correct measuring point, regardless of whether a defendant appeals to the district court or to this court. *Smith*, 31 Kan. App. 2d at 839-40 (appealing municipal conviction from district court to Court of Appeals).

Applying these principles here, the district court used the wrong date to analyze Obiero's jurisdictional arguments. The fact that Obiero filed his notice of appeal within 14 days of the date the municipal court stayed his sentence is irrelevant. For the district court to have had jurisdiction to hear Obiero's municipal appeal in 2015, he had to have filed the notice of appeal within 14 days after the municipal court announced his sentence from the bench.

Thus, the district court used the wrong date to calculate Obiero's appeal time, and the case must be remanded for consideration of Obiero's arguments using the correct sentencing date. Before concluding, however, we pause to highlight three matters that must be resolved on remand.

*First*, the date the municipal court announced Obiero's sentence is unclear from the record on appeal. In his brief, Obiero argues—based on notations on the journal entry and inferences based on the timeline of the case—that the municipal court sentenced him on April 2, 2015. But he acknowledges that the district court made no factual finding as to the sentencing date. This date is necessary to determine when the appeal clock started to run.

5

*Second*, it is unclear from the caselaw whether Obiero may challenge the district court's jurisdiction in 2015 by way of this garnishment proceeding—a collateral procedure. Compare *Smith v. State*, 199 Kan. 132, 135, 427 P.2d 625 (1967), and *In re Elnicki*, No. 107,107, 2013 WL 1444366, at *3 (Kan. App. 2013) (unpublished opinion) (cannot attack a criminal sentence as void through a collateral challenge), with *State v. McCoy*, No. 122,650, 2021 WL 1149180, at *2-4 (Kan. App. 2021) (unpublished opinion) (attacking BIDS fee as void more than a decade after sentencing). It is similarly unclear whether the district court may determine if the 2015 judgment is void (and thus uncollectable) for purposes of the garnishment without affecting the validity of the underlying convictions themselves. Accord *Crist v. Hunan Palace, Inc.*, 277 Kan. 706, 718, 89 P.3d 573 (2004) (garnishment invalid in a civil case if underlying judgment void for lack of subject matter jurisdiction).

*Third*, as we have noted, it is unclear from the garnishment order what specific costs and fees the judgment creditor is collecting. The order merely states that Obiero owes $310.13 to the Sedgwick County District Court. But these funds could include various costs and fees. For instance, the municipal court ordered Obiero to pay a $100 fine, along with $297 in court costs. After his appeal, the district court ordered Obiero to pay the $100 fine and $297 in municipal court fees, but it added a booking fee, appeal fee, and unspecified district court costs. Identifying the specific source of the garnished funds is important because it could render the jurisdiction issue moot; if the garnishment was collecting municipal court costs, then it may not matter whether the district court had appellate jurisdiction. But that determination cannot be made on the present record.

Because the district court erred by using the wrong date when it denied Obiero's motion to rescind the garnishment, we reverse that decision. We remand the case for further proceedings consistent with this opinion.

Reversed and remanded with directions.